## CITY OF YALE v. EXCISE BOARD OF PAYNE COUNTY et al.

No. 23270.  Opinion Filed April 12, 1932.

L. G. Lewis, for plaintiff in error.

Ernest F. Jenkins, Co. Atty., for defendant in error.

McNEILL, J.  The parties will be referred to as they appeared in the trial court. The plaintiff filed its petition for writ of mandamus against the excise board of Payne county in the district court of said county, asking that the excise board be required to approve the estimate as made and submitted by the governing body of said plaintiff, the city of Yale, operating under a charter form of government, setting forth the amount to be raised by taxation for the sinking fund, and making an estimate for the general government and a library fund for which no ad valorem tax was asked, the general government and library fund being cared for out of the earnings of the water and light plant and income from other sources. The estimate which was submitted asked for a levy for the sinking fund only, the departments of government being cared for from the revenue of the city without an ad valorem tax levy.

It appears that the excise board met and approved the estimate in full on August 5, 1931, as to general fund and library fund. Thereafter said excise board met and rescinded its action formerly taken thereon.

The estimated income of said city shows $54,237.60, which the board of commissioners of said city estimated as the cost of operating the city. The excise board approved the sum of $41,449.59, and thereby reduced the estimate in the sum of $12,788.01. This estimated income was based upon the earnings of the water and light and other sources, and it appears that the excise board substracted the amount approved by them from the estimate made by the city, leaving the aforesaid balance. This surplus as calculated by the excise board was then transferred to the sinking fund, which balance or pretended surplus upon the earnings and collections by said plaintiff for the fiscal year beginning July 1, 1931, and ending June 30, 1932, is not, in fact, actual cash surplus. It also appears that said city included the library fund in its estimated income, and no levy was asked for this fund and no levy required for the general fund of said city

Judgment was rendered against the plaintiff in favor of the excise board. The plaintiff has appealed from that judgment, and contends as follows:

"1. That the excise board is without authority to transfer estimated profits from the operation of a municipally owned utility to the sinking fund of said municipality.

"2. That the excise board has no authority to reduce an estimate for general government, made in parity on profits from the operation of the municipally owned utility.

"3. That the excise board has no authority to reduce any item of an estimate unless a tax levy is involved.

"4. That the excise board has no authority to levy two (2) mills for a library fund, unless expressly asked for by the municipality."

The excise board has no power or authority to transfer an estimated profit from operating a public utility to the sinking fund, as the earnings of a municipally owned utility are under the control of the governing body of said municipality, and it is within the discretion of such governing body to appropriate the net surplus or profits, if any, derived from the utility operated, to either the sinking fund or to the general fund. There is no provision in the Constitution or statute which makes it mandatory to which the application should be made. Excise Board of Woodward County v. Reid, 143 Okla. 204, 288 P. 458.

In the instant case it appears, among other reductions, that the excise board reduced the salary of the manager of said city from $2,700 per year, to the sum of $1,800. There were further reductions of fuel and lubrication in connection with the water and light plant, and the city contends that the reductions so made will seriously interfere with the functioning of said city. It is the mandatory duty of the municipality that a levy be made sufficient to pay the interest and to provide for the payment of principal on its outstanding bonded and judgment indebtedness. Article 10, section 28, of the Constitution of the state of Oklahoma. The action of the excise board in the instant case interferes with this mandatory constitutional provision when said board transfers an estimated surplus to be obtained from the earnings of said city and to the sinking fund, and thereby reduces the amount which the city may be required to levy for said sinking fund.

It is our opinion that when a municipal corporation submits its estimate to the excise board, and the same comes within limitation prescribed by law, that it is the duty of the excise board to approve such estimate.

The judgment of the district court is reversed and the cause remanded to the district court to issue a peremptory writ of mandamus, directing the excise board of Payne county to make a levy sufficient to care for the city of Yale and approve the estimate as reflected by the estimate of said city and eliminating the two-mill levy placed in the estimate by the excise board for library purposes, providing said estimate comes within the limitations prescribed by law, and such other further action not inconsistent with the views herein expressed.

RILEY, CULLISON, SWINDALL, and ANDREWS, JJ., concur. LESTER, C. J., and KORNEGAY, J., dissent. CLARK, V. C. J., absent. HEFNER, J., not participating.