### YOUNG v. EXCISE BOARD OF GARFIELD COUNTY.

No. 24772. Aug. 1, 1933.

Petition for Rehearing Withdrawn Aug. 29, 1933.

V. L. Headrick, for plaintiff in error.

Dave Bucher, Co. Atty., and A. L. Zinser, Asst. Co. Atty., for defendant in error.

SWINDALL, J. This case involves the protest of the plaintiff in error, H. Lyall Young, against alleged illegal and excessive tax levies made by the excise board of Garfield county, Okla., for the fiscal year ending June 30, 1933, duly filed in the Court of Tax Review. An agreed statement of facts shows that on January 29, 1931, the courthouse at Enid in Garfield county, Okla., was insured, and while so insured was destroyed by fire, and insurance on the same in the sum of $82,400 was paid Garfield county.

The Court of Tax Review denied the protest and protestant has appealed.

The protestant, plaintiff in error, contends that said sum paid the county as insurance was an unincumbered cash balance of revenue on hand from the previous fiscal year or years, and does not appear in the financial statement as a cash balance on hand on June 30, 1932, and seeks to have the current year general fund levy reduced to that extent. The money is being held by the county for rebuilding a courthouse. It is the contention of plaintiff in error that said sum should be accounted for under section 12678, O. S. 1931, and he cites in support of his contention In re Monsell, 142 Okla. 130, 285 P. 836; In re Bliss, 142 Okla. 1, 285 P. 73; In re Tax Levies of City of Woodward, 143 Okla. 204, 288 P. 458; C. D. Coggeshall & Co. v. Smiley, 142 Okla. 8, 285 P. 48; and Protest of Reed et al., 160 Okla. 3, 15 P. (2d) 995.

We have examined each of the cases cited, and are of the opinion that they are in no way applicable to the facts involved in this case. The funds received from the insurance company are governed by section 7744, O. S. 1931, relating to the duties of the county treasurer, which provides that:

"When directed by the board of county commissioners, he shall cause to be insured, at the charge of the county, any or all of the public buildings and property belonging to the same, in the name of himself as treasurer and successors in office, or otherwise as said board may direct; and in case of the destruction or damage of the buildings or property so insured, such treasurer shall demand and receive the moneys due on account of such insurance, and pay the same into the county treasury, and such money shall be applied to the fund for rebuilding or restoring such buildings or property under the direction of the county commissioners."

This section of our Code seems to have been adopted from Dakota, and has been in force since 1890, and is clear and unambiguous, and we feel that a further discussion of the facts is this case is unnecessary.

The judgment of the Court of **Tax Review** is clearly correct, should be, and is hereby affirmed.

RILEY, C. J., and OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. CULLISON, V. C. J., and ANDREWS and McNEILL, JJ., absent.