CARTER COUNTY, EXCISE BOARD, v. KURN et al.

No. 30810. June 16, 1942.

*126 P. 2d 997.*

Alvin C. Bruce, County Atty., and Rutherford H. Brett, Asst. County Atty., both of Ardmore, for plaintiff in error.

E. G. Nahler, of St. Louis, Mo., and Cruce, Satterfield & Grigsby, all of Oklahoma City, for defendants in error.

WELCH, C. J. Protestant's position is that certain unencumbered cash items on hand at the end of the preceding fiscal year should be applied toward reducing the ad valorem tax levy of the county for the fiscal year 1941-42.

Protestee contends that the cash involved became and is a part of the "County Highway Cash Fund," and as such has no bearing upon the tax levy and the calculations involved in making such levy.

The answer to the question involved is largely dependent upon the facts as relates to the origin of the fund.

The record is clear that $57.42 of the total cash involved was received during the fiscal year 1940-41 as back taxes from the ¼-mill state levy for road purposes.

The balance of the fund, $1,505.03, is an unencumbered cash surplus derived from items employed in financing appropriations for the fiscal years 1936-37, 1937-38, and 1938-39, and is so reported by the governing board of the county. It seems to be contended by protestee and conceded by protestant that such funds may be used only for county highway purposes.

Protestee's contentions here are stated in its brief as follows:

"The item of $57.42 was derived from a one-quarter mill levy for county highway purposes. The item of $1,505.03 is a cash surplus from 'County Highway Fund of prior years' making a total of $1,662.45, and such surplus was derived from special funds authorized or required by existing laws to be devoted to the specific purpose of county highways and that no part of such surplus may be expended for any other purpose than for said highways.

"It is the further contention of the County Excise Board of Carter County, Oklahoma, that it was the duty of said board under the law to transfer said surplus to the 'County Highway Cash Fund' during the fiscal year 1940-41, there to be used for the purpose of meeting obligations arising out of the 'construction, maintenance and repair of county highways, and bridges.'"

Assuming, as appears to be conceded, the correctness of protestee's contention No. 1 as above quoted, this record does not disclose that this cash surplus will be used for any purpose other than for "county highways." There was an appropriation of $2,500 under the item of "Highway Levy Budget Account," and this cash surplus was required by the judgment of the Court of Tax Review to be applied toward financing that item of appropriation. This fund, together with a part of the present levy, is em-

ployed to finance the above-mentioned appropriation for county highways which should result in the use of the cash fund for the purpose for which it was raised.

Plaintiff in error asserts in its proposition 2, as above shown, ". . . that it was the duty of said board under the law to transfer said surplus to the 'County Highway Cash Fund' during the fiscal year 1940-41," citing 68 O. S. 1941 § 298. That might be true if this record disclosed that these particular moneys were such as the law properly directed to be placed in such cash fund. But we know of no specific statutory authority or direction to place any funds received in a cash fund to be expended only on cash warrants, divorced from consideration as assets to finance appropriations to be disbursed upon general obligation warrants, save the fifth subdivision of 62 O. S. 1941 § 331, and plaintiff in error has called our attention to no other authority for so doing. That provision of the statute does not purport to authorize or direct the accumulations of surplus such as here shown to be placed in a cash fund as here attempted. This record does not disclose that these funds accrued from "excise taxes collected by the state and distributed to the county," or from "contributions by the State of Oklahoma out of its general revenues," or from "local collections required by law to be accounted for as cash funds." The Court of Tax Review held contrary to the county's contention, and its conclusion thereon is not against the clear weight of the evidence.

The judgment of the Court of Tax Review in that regard is affirmed.

Another item of protest concerns a building fund levy for the benefit of school district No. 77 of Carter county.

The governing board reported that such levy was voted at an election held on March 25, 1941. Protestant contends that the election and the proceedings thereon are insufficient to support the levy.

Upon trial before the Court of Tax Review the school superintendent testified that he prepared the report to the excise board, and that it was through error that the election of March 25th was reported as a basis of the building fund levy. That the governing board had been advised by the county superintendent that the election of March 25th was insufficient, and that such board had, on April 7th, called a new election, and that in pursuance thereof an election was held on April 21, 1941, which was the election relied upon in fact to support the levy. Protestee does not rely upon the election of March 25th, and protestant does not contend that that election of April 21st, if held, is insufficient.

Protestant contends that there is not sufficient or proper evidence to show that there was an election held on April 21st, or that the appropriation and levy was based thereon.

There was introduced in evidence the minutes of the meeting of the school board of April 7, 1941, showing in detail the calling of the election to be held April 21st, with appropriate directions for giving notice and holding the election between the stated hours.

There was introduced also the minutes of the meeting of April 21st, showing in detail the prior notice and the holding of the election on April 21st, the tabulation of the votes and declaration of the result. A substantial number of the district voters participated in the election and all voted for the special levy, but one ballot was mutilated and was so recorded. This last exhibit was at one place erroneously dated April 7th, but it is fairly apparent from the whole record that this was a clerical error, and that the exhibit in fact represented and was a copy of minutes of the meeting and election of April 21st. There was no contrary evidence.

The Court of Tax Review sustained the protest, and it is protestant's contention that the date shown in the last-mentioned exhibit is itself sufficient to show that no election was held on April

21st, as set out in the body of the instrument.

We cannot agree in view of the evidence. It is true, if we consider the instrument as having been written and correctly dated on April 7th, it would show on its face some surprising contradictions, since it shows the posting of notice on April 21st, and after all that showing, and the declaration of election result, it is signed by the three board members.

The instrument either shows an effort· on April 7th to perpetrate a ridiculous fraud, or it shows a meeting and a valid special election on April 21st, with a mere clerical error as to one of the stated dates.

The evidence discloses the latter is true, and, as pointed out, no evidence disputes the detailed recitations in the body of the instrument.

In sustaining this item of protest the Court of Tax Review apparently felt bound to restrict and confine protestee to a reliance upon the first and erroneous election of March 25th. That was the stated election date in the budget certificate, but that date was inserted therein by inadvertence as above stated, and was so explained by the evidence. In view of all the circumstances, the trial court was in error, and its finding against the clear weight of the evidence. The people of the district at a valid election on April 21st voted this special levy, and in pursuance thereof the levy was made. That election was wholly sufficient to sustain such a levy, and we hold that in spite of the date errors above noted the levy as so determined by the people should be sustained.

The action of the trial court in sustaining this item of protest is reversed.

OSBORN, BAYLESS, GIBSON, and DAVISON, JJ., concur. CORN, V. C. J., and RILEY, HURST, and ARNOLD, JJ., absent.