This is an appeal from the judgment of the Court of Tax Review sustaining a protest against a tax levy for the general fund for the city of Woodward for the fiscal year commencing July 1, 1928, the judgment appealed from being as follows:
"It is therefore ordered and adjudged that the $41,300.66 set over to the city sinking fund from the water and light receipts be transferred to the city general fund, that the six-mill levy for general fund purposes as ordered by the county excise board, be held to be illegal. That the county clerk correct the appropriations in accordance with this mandate; that said six-mills tax levy for general purposes be eliminated from the tax rolls, and that said six-mill illegal tax levy be refunded to those who already have paid their 1928 taxes."
Protestee appealed, and the parties will be referred to as they appeared in the Court of Tax Review.
An examination of the record in this case discloses that the financial statement shows a surplus in the general fund of $36,401.40 and "receipts from other sources" during the preceding year to the amount of $102,187.46 for general fund purposes. The estimate of needs for the fiscal year in question shows an estimate of "receipts from other sources" in excess of that for the preceding year. There is no question as to these amounts. After hearing the evidence the Court of Tax Review said:
"The court is of the unanimous opinion that everything this excise board did was wrong except to certify their results; that is, under the Blackwell Case."
The error on the part of the excise board was no doubt due to a misapprehension of the law with reference to the application of the proceeds of municipal water and light plants. Apparently the excise board took the position that the proceeds from the operation of the municipal water and light plant should be used for sinking fund purposes, for it arbitrarily took from the estimated income to the general fund from other sources, $41,300.66 and placed it in the sinking fund.
Since this appeal was filed this court has repeatedly held that neither the Constitution nor the statutes require the placing of a surplus from the operation of a municipal water and light plant in the sinking fund. Perrine v. Bonaparte,140 Okla. 165, 282 P. 332, and under that holding the action of the excise board was without authority of law and was a wrongful usurpation of power.
This court in Protest of Bliss et al., 142 Okla. 1,285 P. 73, said:
"It is clear to us that a net balance or surplus derived from the operation of a municipally owned and operated water plant must be accounted for by the municipal officers in the published financial statement and estimate, and that the excise board, in making the appropriations, shall consider the net balance or surplus therefrom in making the levies. It is clear that the inclusion of the water plant operations in the current expense fund will give that fund the benefit of that surplus. If the municipal officers elect to handle the water plant separate and apart from the current expense fund and that plant produces a net surplus or balance, the taxpayers of the municipality are entitled to have that net surplus or balance considered in making the levy for current expense or for the sinking fund to the end that the necessary tax levies may be reduced."
We think this is sufficient answer to the contention of the protestee.
The effect of the action of the excise board was to deprive the general fund of available revenue, and the excise board, having deprived that fund of that revenue, reduced the appropriations in order that the total thereof might come within the statutory limitation. This the excise board had no authority at law to do. If the estimated needs of the municipality could be supplied within the statutory limitations, it was the duty of the excise board to make the appropriation therefor in the amounts estimated to be needed, and the excise board was not authorized to make the appropriation in a lesser amount than that estimated to be needed if the amount estimated to be needed could be appropriated within the statutory limitations.
The protestant contends that had the excise *Page 206 
board performed its duties as prescribed by section 9699, C. O. S. 1921, the six-mills levy for the general fund would not have been necessary and that no levy for the general fund would have been necessary. The Court of Tax Review so held. We agree with that contention and holding.
We agree with the protestee that $15,000 of the balance on hand in the general fund was set aside by the governing body of the city of Woodward for sinking fund purposes and that the balance on hand should have been reduced by that amount and that the $15,000 should have been accounted for as a credit in the sinking fund. The governing body of the city of Woodward, having the authority to determine whether the proceeds from the operation of a municipal water and light plant should be placed in the general fund or the sinking fund, had the authority to place $15,000 thereof in the sinking fund, and the record shows that that was done.
Protestee contends that that $15,000 was a part of the $41,300.66, and that for that reason the Court of Tax Review was in error in ordering the return of the $41,300.66 to the general fund, and that the amount ordered returned, if any, should have been only $26,300.66. The record shows that out of the $36,901.41 balance of surplus revenue, $19,613.41 was accounted for in the general fund, and that the excise board failed to account in the general fund for the sum of $17,288, which is in excess of the $15,000 in dispute. We therefore hold that the transfer of the $15,000 as made by the governing body of the city of Woodward was from the surplus revenue and not from the estimated income from other sources, and that the transfer by the excise board of the $41,300.66 from the estimated income from other sources was unlawful and void.
While not raised as an issue in this case, for the benefit of taxing officials of this state, we desire to call attention to the fact that the excise board made a separate computation for sinking fund "not water nor light," "water and light," and "judgments." We have heretofore said, and now repeat, that this practice is not, authorized by the Constitution or statutes of Oklahoma, and that under the provisions of section 28, art. 10, of the Constitution, and the governing statutes, the sinking fund is to be computed in one item which will include bonds of all kinds and judgments, and that there is no authority at law for the fixing of a rate of levy for sinking fund purposes for "judgments" separate and apart from "bonds."
The judgment of the Court of Tax Review is in all things affirmed.
HUNT, CLARK, HEFNER, CULLISON, and SWINDALL, JJ., concur. MASON, C. J., LESTER, V. C. J., and RILEY, J., absent.
Note. — See "Municipal Corporations," 44 C. J. § 4115, p. 1160, n. 39; § 4116, p. 1160, n. 48; § 4120, p. 1164, n. 33; § 4369, p. 1312, n. 88.