## SCHOOL DIST. NO. 4 OF GARFIELD COUNTY v. INDEPENDENT SCHOOL DIST. NO. 4½ OF GARFIELD COUNTY.

No. 20466. Opinion Filed Oct. 6, 1931.

Rehearing Denied Nov. 24, 1931.

Simons, McKnight, Simons & Mitchell, for plaintiff in error.

McKeever, Elam & Stewart and W. L. Moore, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Garfield county in favor of the defendant in error, plaintiff therein, against the plaintiff in error, defendant therein. The parties hereinafter will be referred to as plaintiff and

defendant. The plaintiff sought to recover of the defendant the sum of $1,021.44 for the tuition of certain grade pupils who had been transferred by order of the county superintendent from the defendant school district to the plaintiff school district during the school year 1926-1927. After a trial to the court a judgment was rendered for the plaintiff in the sum of $568.51. From that judgment an appeal was taken to this court.

The record discloses the fact that applications were made to the county superintendent by certain parents residing in the defendant school district for the transfer of highschool and grade students from the defendant school district to the plaintiff school district. The school board of the defendant school district made an estimate and authorized a levy of one mill for transfer fees for high school students, but it refused to make an estimate or to authorize a levy for the transfer of grade students. Notice was given by the county superintendent to the excise board that an additional levy would be necessary in the defendant school district for transfer tuition. Without any request or suggestion on the part of the defendant or its school board, and without any notice by publication or otherwise to the defendant, the excise board made an appropriation and fixed a rate of levy of eight mills for the defendant school district, which included two mills for transfer tuition charges for 16 grade students.

The defendant contends that the trial court erred in rendering a judgment for the plaintiff for the reason that it was conclusively shown that no levy had been made by the excise board which could be the basis of the claim of the plaintiff and that its claim was not a proper charge against the defendant school district.

The statute governing the transfer of students from one school district to another is stated in chapter 243, Session Laws of 1917, as amended by chapter 13, Session Laws 1919 and appears in the Compiled Oklahoma Statutes of 1921 as sections 10591 to 10610, inclusive. There is nothing in the record to show any contractual relationship between the plaintiff and defendant, and the liability of the defendant to the plaintiff, if any, must be because of those legislative enac'ments. The provisions thereof must be construed with reference to the provisions of the Constitution, and the effect of those provisions must be considered in the light of the cons'itutional provisions.

Section 9, art. 10, of the Constitution provides as follows:

"Except as herein o'herwise provided, the total taxes, on an ad valorem basis, for all purposes, state, county, township, city or town, and school district taxes, shall not exceed in any one year thirty-one one-half mills on the dollar, to be divided as follows: * * * School district levy, not more than five mills on the dollar for school district purposes, for support of common school; Provided, that the aforesaid annual rate for school purposes may be increased by any school district by an amount not to exceed ten mills on the dollar valuation, on condition that a majority of the voters thereof voting at an election, vote for said increase."

"The exceptions relate to county levies for schools not to exceed two mills, and an additional ten mills to be levied by school districts, when voted for by the electors of such district." Thompson v. Rearick, 33 Okla. 283, 124 P. 951.

That provision of the Constitution is a limitation and not a grant of power. Thompson v. Rearick, supra. The provisions of section 36, art. 5, as follows:

"The authority of the Legislature shall extend to all rightful subjects of legislation, and any specific grant of authority in this Constitution, upon any subject whatsoever, shall not work a restriction, limitation, or exclusion of such authority upon the same or any other subject or subjects whatsoever," —have no application thereto. Thompson v. Rearick, supra.

Section 9, art. 10, supra, must be read in connection with section 26, art. 10, of the Constitution. Under the provisions of section 26, supra, school district indebtedness is limited as therein provided and no school district shall be allowed to become indebted, in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of three-fifths of the voters thereof, voting at an election to be held for that purpose. That section is a limitation upon the power of the Legislature. State ex rel. Edwards, v. Millar, 21 Okla. 448. 96 Pac. 747. There was no election held and the assent of three-fifths of the voters of the school district was not given to the incurring of any indebtedness. The indebtedness claimed by the plaintiff was void, if it exceeded the income and revenue provided for the year. Eaton v. St. Louis-S. F. Ry. Co., 122 Okla. 143, 251 P. 1032; In re Protest of Chicago, R. I. & P. Ry. Co., 143 Okla. 170, 287 P. 1023.

In Eakin v. Chapman, Co. Treas., 44 Okla. 51, 143 P. 21, this court held:

"By virtue of section 9, art. 10, of the Constitution. a school district may levy not more than five mills on the dollar for school purposes for the support of common schools.

This rate for school purposes may be increased by any school district by an amount not to exceed ten mills on the dollar valuation, by a majority of the voters thereof, voting at an election for said increase"

—and said:.

"This section was construed in the case of Tilley v. Overton, 29 Okla. 292, 116 P. 945, wherein it was held that the first five mills provided by said section should be levied by such authority and under such procedure as the Legislature might prescribe, and the additional ten mills to be levied in like manner, except that such levy is only to be made upon the approval of the people of the district at an election held for that purpose."

Since a majority of the voters of the defendant school district, voting at an election held for that purpose, voted for an increase of the school district rate of levy from five mills to six mills, and since they did not vote for a rate of levy in excess of six mills, the maximum rate of levy authorized by the Constitution, the statutes, and the people was six mills. The rate fixed by the excise board was eight mills. The rate of levy therefor was void to the extent of two mills.

The estimate of needs for transfer fees was in the amount of $700. The appropriation by the excise board for transfer fees was $1,708.50. The other appropriations made by the excise board were substantially in the amount shown by the estimate of needs, there being but one exception, to wit, an appropriation of $10 for poultry and egg show, for which no estimate was made. The validity of the appropriation by the excise board for transfer fees in the amount of $1,708.50 is in question.

By the provisions of section 9, art. 10, supra, the total taxes, on an ad valorem basis, for all purposes, state, county, township, city or town, and school district taxes, shall not exceed in any one year 31½ mills on the dollar, and the maximum rate of taxation for school district purposes, for support of common school is five mills on the dollar; provided, that that rate may be increased by any school district by an amount not to exceed ten mills on the dollar valuation, on condition that a majority of the voters, voting at an election, vote for such an increase. The transfer of pupils of one school district to another is an innovation provided by the Legislature which is a convenience to the pupils and which may properly be classified as a luxury to the school district. It is in no wise necessary for the conduct of the school from which the transfers are made. Being such, it can-

not be used to prevent the conduct of the school or to interfere with the right of the school children not transferred to have a school conducted within their school district for their benefit. Before transfer fees may be paid, the transfers must have been authorized by the voters of the school district and a rate of levy, within the authorized limit, fixed by them sufficient to pay the cost thereof, or the rate of levy fixed by the voters of the school district must be such as to pay the expense of conducting the local school and leave a balance sufficient to pay the transfer fees.

The estimate that was made by the defendant school district for the conduct of the school was proper and it could not be reduced by the excise board (section 9696, C. O. S. 1921), for the reason that the rate of levy authorized by the voters of the school district was sufficient to raise the amount of the estimate. Appropriations made by the excise board for the specific purposes stated in the estimate could be used for those purposes and those purposes only. Section 9699, O. O. S. 1921. The appropriation of $1,708.50 made by the excise board for transfer fees was based upon a rate of levy of eight mills. That rate of levy was unauthorized, excessive, and illegal to the amount of two mills. The valuation was $279,354. The appropriation for transfer fees therefor was excessive to the amount of $558.70. The maximum appropriation for transfer fees that could have been made under the authorized rate of levy was $1,149.80.

There is a further question of whether the excise board was authorized to make an appropriation for transfer fees in the sum of $1,149.80, when the estimate made by the school district for transfer fees was only $700.

A similar question was presented to and answered by this court in School Dist. No. 85, Kay County, v. School Dist. No. 71, Kay County, 135 Okla. 270, 276 P. 186. Therein there is an extended discussion of the law. We do not consider it necessary to prolong this opinion further than to say that it was therein held that section 10607, C. O. S. 1921, relied upon by the plaintiff, was held to be unconstitutional and void and that section 10606, C. O. S. 1921, is directory but not mandatory. On the basis of that decision the judgment in this cause must be reversed.

In view of the fact that there was a valid appropriation in the amount of $700 and the record does not show what portion of the $700 was used for the payment of the trans-

fer of high school students, a new trial is ordered.

The judgment of the trial court is therefore reversed and the cause is remanded to the district court of Garfield county, with directions to set aside the judgment heretofore rendered and to grant the defendant a new trial.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, McNEILL, and KORNEGAY, JJ., concur. CULLISON and SWINDALL, JJ., disqualified and not participating.