## STATE ex rel. BOARD of ED. v. EXCISE BOARD OF PAYNE COUNTY et al.

No. 23153. Opinion Filed Jan. 26, 1932.

L. G. Lewis, for plaintiff.

Ernest F. Jenkins, Co. Atty., for defendants.

HEFNER, J. This is an original action in mandamus brought in this court by the board of education of independent school district No. 6, Payne county, against the excise board of that county to compel it to levy a tax of 15 mills against all the property located within that district. It appears that on the 19th day of May, 1931, at an election duly called for that purpose, the 15-mill levy was approved by a majority of the qualified voters who voted at the election of that district. The election returns were duly canvassed by the board of education and certified to the excise board. Notwithstanding this election, the excise board refused to make a levy of 15 mills

and, after reducing the estimated needs of the school district as prepared and filed by the board of education, made a levy of 13 mills.

It is the contention of the school district that the excise board had no authority to reduce the estimate made by it and the levy of 15 mills necessary to meet the same after the approval thereof by a majority vote of the electors of that district at an election held for that purpose. With this contention we agree. It is not denied that, according to the valuation of the property located within that district, a 15-mill levy would have raised revenue sufficient to care for the estimated needs of the district. This being true, the excise board was without authority to reduce either the estimate or the levy.

In the case of In re Tax Levies of City of Woodward v. Reid, 143 Okla. 204, 288 P. 458, the court held:

"If the estimated needs of a municipality for the general fund expense of the municipality can be supplied within the statutory limitations, it is the duty of the excise board to make the appropriations therefor in the amounts estimated to be needed for that purpose, and the excise board is not authorized to make the appropriations in a lesser amount than that estimated to be needed if the amount estimated to be needed can be appropriated within the statutory limitations."

The Woodward Case was followed in the recent case of School District No. 4, Garfield Co., v. Independent School Dist. No. 4½, Garfield Co., reported in 153 Okla. 171, 4 P. (2d) 1031. It is there said:

"An estimate made by a school district for the conduct of a school may not be reduced by the excise board, if the rate of levy authorized by the voters of the school district under the statutory and constitutional limitations is sufficient to produce the amount of the estimate made."

The excise board maintains that the election purporting to authorize the levy is void for the reason that the estimate filed by the district was not submitted to the people at the election and approved by them. Section 9696, C. O. S. 1921, is cited in support of this contention. Independent school districts, in making excessive levies, are governed by chapter 86, art. 10, C. O. S. 1921, sections 10447 to 10451. Section 10404 is as follows:

"Each city of the first class, and each incorporated town maintaining a four years high school fully accredited with the State University, shall constitute an independent district and be governed by the provisions of this article."

It is not claimed that the procedure governing elections of this character, as provided by these sections, was not complied with. Under the express provisions of the statute above referred to, independent school districts are governed by chapter 86, art. 10, C. O. S. 1921, and section 9696 has no application thereto. Since the election was conducted in accordance with these provisions, it was valid.

By virtue of section 9, art. 10, of the Constitution, the annual rate for school purposes may be increased by any school district by an amount not to exceed 10 mills on the dollar valuation, on condition that a majority of the voters thereof voting at an election vote for the increase.

It is also urged by the excise board that, since the filing of this action, the assessed valuation of the district has, on appeal from the board of equalization, been reduced in the sum of $59,000 and that a 15-mill levy, therefore, will not raise revenue sufficient to meet the estimated needs of the district. If this be true, it will be the duty of the excise board, under section 9698, to reduce the estimated needs of the district, but it still would be its duty, under the law, to make a 15-mill levy.

The writ is granted.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.