## OKLAHOMA COUNTY EXCISE BOARD v. KURN et al.

No. 28612. Dec. 6, 1938.

Cruce, Satterfield & Grigsby, for defendants in error.

WELCH, J. The tax protest here involved alleges that the appropriation and levy in the general fund of consolidated school district No. 4 of Oklahoma county of $2,015 for new buildings is excessive, illegal, and unnecessary for the reason that there was an outstanding, unencumbered, and unappropriated balance of $4,359.33, derived from a building fund levy made during the year 1936.

There was no contention that the general fund levy is excessive and illegal except for the item of appropriation for new buildings, and that on account of the alleged surplus in the special building fund.

The school district had voted a special 5 mills levy for buildings. A special building fund was thus created, and on June 30, 1937, there was on hand to the credit of said building fund of said school district, derived from a building fund levy, under section 10, article 10, of the Constitution, voted during the year 1936-1937, the sum of $4,-358 in cash and taxes in process of collection.

The tax court sustained the protest to the general fund levy to the extent of 2.5312 mills, the millage necessary to raise $2,015, the amount appropriated from the general fund for new buildings, and ordered the appropriation of $2,015 for new buildings be set over and considered as an appropriation in the building fund of said district.

The court made a finding that the amount shown to the credit of the building fund on June 30, 1937, was unappropriated, unen-

cumbered cash surplus. The finding is not material in the determination of a protest to the general fund levy. The funds to the credit of the special building fund could not be used to finance the general fund appropriation in view of section 19, article 10, of the Constitution, which provides that no tax levied and collected for one purpose shall ever be devoted to another purpose.

The general fund and the special building fund are created by separate levies, and the appropriations of each separate fund are based on separate estimates of financial need for purposes determined to be necessary by those charged with the responsibility of making the expenditures.

In the case of City of Ardmore v. Excise Board, 155 Okla. 126, 8 P.2d 2, and in numerous other cases from this court, the rule is stated with reference to the making of appropriations for current expense, that if the authority for the expenditure estimated to be needed exists, the discretion as to whether or not it should be made is with the local governing board.

A school district appropriation for new buildings as an item of current expense and from its general fund is authorized by section 12677, O. S. 1931, as amended by article 13, chapter 66, S. L. 1935. Excise Board of Oklahoma County et al. v. Board of Education of Oklahoma County, 178 Okla. 545, 61 P.2d 693.

In the case of State ex rel. Board of Education v. Excise Board of Payne County et al., 155 Okla. 227, 7 P.2d 473, this court held:

"If the estimated needs of an independent school district for the general fund expense of such district can be supplied within the statutory limitations, it is the duty of the excise board to make the appropriations therefor in the amounts estimated to be needed for that purpose, and the excise board is not authorized to make the appropriations in a lesser amount than that estimated to be needed if the amount estimated to be needed can be appropriated within the constitutional and statutory limitations."

Generally the same rule applies to common school districts and other municipalities. School District No. 4, Garfield County, v. Independent School Dist. No. 4½, 153 Okla. 171, 4 P.2d 1031; In re Tax Levies of City of Woodward v. Reid, 143 Okla. 204, 288 P. 458; City of Ardmore v. Excise Board, supra.

To strike the item "for new buildings," an authorized expenditure, from the general fund appropriations of the school district because there were funds in the special building fund of the district would be but to substitute the judgment of another for the discretion of the governing authority, the school board, as to whether there existed a need for a general fund expenditure for new buildings.

The estimate of needs of the school district for the general fund expense being supplied within the Constitution and statutory limitations, and each item of the appropriation being for an authorized purpose for which current revenues may be used, it was error to strike an item from the general fund appropriation and in consequence reduce the levy.

The cause is reversed, with directions to dismiss the protest.

OSBORN, C. J., BAYLESS, V. C. J., and CORN, HURST, and DAVISON, JJ., concur. RILEY and GIBSON, JJ., absent. DANNER, J., not participating.