## LONE STAR GAS CO. v. BRYAN COUNTY EXCISE BOARD.

No. 31328. June 8, 1943.

Rehearing Denied Sept. 14, 1943.

*141 P. 2d 83.*

Roy C. Coffee, of Dallas, Tex., and W. R. Wallace, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., James W. Bounds, Asst. Atty. Gen., and Victor C. Phillips, County Atty., of Durant, for defendant in error.

HURST, J. This is an appeal from a judgment of the Court of Tax Review denying the protests of appellant, Lone Star Gas Company, against the building fund levies of three school districts in Bryan county for the fiscal year 1942-1943. The levies were made pursuant to the provisions of section 10, art. 10, of the Constitution, which authorizes an excess levy of not more than five mills on the taxable dollar for the purpose of erecting public buildings when such increase shall have been authorized by a vote of the people of any county, city, or school district. In this case the people of each district authorized an excess levy of five mills for the purpose of erecting a new school building.

1. Appellant first contends that funds collected for the purpose of erecting public buildings under this provision of the Constitution may not be allowed to accumulate, but must be expended during the fiscal year for which they are collected, and since present federal regulations prohibit the purchase of materials for erecting school buildings, the levy of a tax which must be spent for such purpose contravenes the public policy of the United States of America and is void. We do not agree. There are three methods by which school districts may provide for the erection of school buildings: (a) by appropriating for

such item within the current expense fund (Oklahoma County Excise Board v. Kurn, 184 Okla. 96, 85 P. 2d 291; 68 O, S. 1941 § 289), (b) by issuing bonds for such purpose (Board of Education v. Woodworth, 89 Okla. 192, 214 P. 1077; sec. 26, art. 10, Constitution), and (c) by authorizing a building fund levy therefor (sec. 10, art. 10, Constitution). No one of such methods is exclusive. Oklahoma County Excise Board v. Kurn, 189 Okla. 203, 115 P. 2d 113. It is with the last method that we are now concerned. If funds collected by this method are not expended in any fiscal year, the surplus in such fund may not be used to finance the general fund appropriation for the succeeding fiscal year, in view of section 19, art. 10, of the Constitution, which provides that no tax levied and collected for one purpose shall ever be devoted to another purpose (Oklahoma County Excise Board v. Kurn, 184 Okla. 96, 85 P. 2d 291), and an unencumbered balance in such fund may not be transferred to any other budget account. 62 O. S. 1941 § 331.

In view of such circumstances and the other methods provided for financing the erection of public buildings, it seems reasonable to suppose, and we hold, that the framers of the Constitution, by section 10 of art. 10, intended to provide a method whereby municipalities, not wishing to become indebted for the purpose of erecting public buildings, might levy an annual tax for such purpose, and that they contemplated the governing boards should have the power to allow the proceeds of successive levies authorized by a vote of the people to accumulate and be expended together. We have previously indicated this to be our view in the case of Kirk v. School Dist. No. 24 of Greer County, 108 Okla. 81, 234 P. 596, and the Supreme Court of Missouri has so construed a similar constitutional provision of that state in Peter v. Kaufmann, 327 Mo. 915, 38 S. W. 2d 1062. This holding is in accord with the general principle of law that construction of a constitutional provision must not be so strict or technical as to defeat the object and purpose of its adoption. State ex rel.

Edwards v. Millar, 21 Okla. 448, 96 P. 747; Jurney et al. v. Harlow et al, 157 Okla. 54, 10 P. 2d 271. If school districts were denied the right to allow the various building fund levies to accumulate and be spent together, many small districts would be deprived of this means of financing a new building, for few districts have an assessed valuation sufficiently large to erect a building with the proceeds of a single five-mill levy.

2. What we have said also disposes of appellant's contentions that the levies deprive it of its property without due process of law in violation of section 7, art. 2, of the Constitution, and that the levies are not for a public purpose and violate section 14, art. 10, of the Constitution, both of which contentions are based on the premise that the proceeds of the levies would have to be expended by the governing boards during the fiscal year 1942-1943 and in violation of federal regulations.

3. Appellant next contends that the certificates of the excise board are too indefinite in their declarations to constitute levies or appropriations for any purpose. The language particularly complained of is found in the printed certificate incorporated in the form of estimate of needs and financial statement prescribed by the State Examiner and Inspector, and certifies that the general revenue fund levy "is within the statutory limit, and if in excess is within the constitutional limit . . . ." The general revenue fund levies were not protested by appellant. Only the building fund levies were protested and the recitals of the certificates in regard to them are definite and certain. However, since this certificate appears on the standard form used by all school districts within the state, we think it well to point out that while there is no statutory requirement for such certificate, the State Examiner and Inspector has thereby properly required county excise boards to certify that they have performed certain required acts. By executing such forms the county excise board of Bryan county merely (a) certified that it had performed the various acts, named therein,

required of such board by law as a prerequisite to the levy of taxes, (b) certified the rates of the various levies, and (c) allocated the available revenue to the various purposes of the estimated needs as approved by such excise board. By 68 O. S. 1941 § 289, the county excise board is required to ascertain that the various items of appropriation are within the limits of current expenses as provided by law. We may determine from the certificates that they have done this, since each certificate states in figures the valuation of the district, the number of mills required to be levied, and the number of mills available therefor from the following sources: (a) millage fixed by law, (b) millage allocated by the excise board, and (c) millage available from the excess levy for general fund purposes voted by the district. Since we take judicial notice of the constitutional and statutory limits of taxation, the question of whether any particular levy is within such limits is simply a matter of computation from the figures contained in the certificate. ·

Appellant also complains that the "certificates recite no separate estimates of sums for the separate purpose of the appropriation for school districts as required by 68 O. S. 1941 § 289 (e)." Such section does not require the certificate to be itemized, but only the appropriation. The term "appropriation" is declared by 68 O. S. 1941 § 293 to be synonymous with "estimate made and approved," and the various items thereof are found in the body of the estimate of needs. In the instant case the building fund appropriations are sufficiently itemized in Exhibit MB of the standard form prepared by the State Examiner and Inspector. There is no merit in this contention.

The judgment is affirmed.

CORN, C. J., GIBSON, V. C. J., and RILEY, OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur. ARNOLD, J., absent.