CRAIG COUNTY EXCISE BOARD v. TEXAS-EMPIRE PIPE LINE CO.

No. 32135. July 3, 1945.

*159 P. 2d 1003.*

Randell S. Cobb, Atty. Gen., James W. Bounds, Asst. Atty. Gen., and Frank L. Haymes, Co. Atty., Craig Co., for plaintiff in error.

Mastin Geschwind, of Oklahoma City, for defendant in error.

M. D. Green and John E. M. Taylor, both of Oklahoma City, for Missouri-Kansas & Texas Railroad Company.

E. G. Nahler, of St. Louis, Mo., and Cruce, Satterfield & Grigsby, of Oklahoma City, for receivers, St. Louis-San Francisco Railway Company.

DAVISON, J. This appeal is presented to review a judgment of the Oklahoma Court of Tax Review sustaining a tax protest. At the close of the fiscal year of 1943-1944 there was cash on hand in the office of the county treasurer of Craig county in the sum of $8,124.60. This money had been derived during the fiscal year from the sale of condemned equipment, the rental of county road machinery and from the Grand River Dam Authority for work performed on highways in the area of the Grand River Dam. All of the receipts were connected with the county highway fund of Craig county.

Under 62 O. S. 1941 § 331, the counties of this state can finance their highways by means of a county highway levy budget account or operate under a county highway cash fund. Craig county chose the latter method. The money which it used for county highway purposes was derived from state excise taxes collected by the State of Oklahoma and apportioned to it.

The tax protestant takes the position that the $8,140.60 cash in the hands of the county treasurer should be treated as an asset of the general fund of the county and that it should be carried into the next fiscal year and be there credited to the general fund for the purpose of reducing levies for that year.

The Court of Tax Review sustained the protest, and the county excise board has appealed. In presenting the case on appeal it asserts that:

"State excise taxes levied and collected for one purpose shall never be used for another purpose."

It then asserts that:

"The prohibition upon the diversion of funds created by taxes levied for a specified purpose into another and foreign purpose also extends to money in restoration or reimbursement to such fund for moneys expended therefrom."

Our attention is directed to 62 O. S. 1941 § 331, the fifth subdivision of which reads in part:

"All excise taxes collected by the State of Oklahoma and distributed to the counties or other municipal subdivisions under legislative enactment for specific purposes, and all contributions by the State of Oklahoma out of its general revenues to any of the municipal subdivisions of the state to be expended under direction of statute, and all local collections required by law to be accounted for as cash funds, shall, when received by the treasurer thereof, to set up in a distinct and separate 'Cash

Fund,' identified in the title thereof by the purpose for which such distribution or contribution is made; and all warrants drawn thereon shall be payable on demand. . . ."

Our attention is also directed to article 10, sec. 19, of the Oklahoma State Constitution, which contains the following provision: ". . . no tax levied and collected for one purpose shall ever be devoted to another purpose."

The provision of the Constitution above quoted has been held applicable to excise taxes such as the gasoline excise tax. State ex rel. Board of Commissioners of Harmon Co. v. Oklahoma Tax Commission, 191 Okla. 155, 127 P. 2d 1052.

In the case of Delaware County Excise Board v. St. Louis-San Francisco Railway Co., 173 Okla. 574, 49 P. 2d 523, we said in paragraphs 1, 2, and 3 of the syllabus:

"1.  When the state, by a specific legislative enactment, levies and collects a tax, and distributes the moneys to the respective counties, to be used only for a specific purpose specified in the act, the county has no authority to use such moneys for general county purposes, in violation of such legislative enactment.

"2.  If, at the end of a fiscal year, any such moneys remain in the hands of the county treasurer, as an unencumbered cash surplus, the county has no authority to use the same as a cash surplus of the general fund to finance general fund appropriations for general county purposes, for the reason that all such moneys must be used and expended only for the purpose specified by the legislative enactment.

"3.  The various counties of the state, in expending moneys derived from the state gasoline tax and auto license tax, are restricted by the applicable legislative enactments, and may only expend such moneys for the purposes authorized by the legislative enactments."

See, also, Hawks v. Bland, 156 Okla. 48, 9 P. 2d 720; Wright v. Carter, 161 Okla. 281, 18 P. 2d 522; and Dickinson v. Blackwood, 76 Okla. 175, 184 P. 582; and notice, also, Oklahoma County Ex-

cise Board v. Kurn, 184 Okla. 96, 85 P. 2d 291; Lone Star Gas Co. v. Bryan County Excise Board, 193 Okla. 13, 141 P. 2d 83, and Tulsa County Excise Board v. Texas Empire Pipe Line Co., 180 Okla. 287, 68 P. 2d 861.

In the case of In re Protest of St. Louis-San Francisco Ry. Co., 143 Okla. 145, 288 P. 307, there was an attempt to transfer a portion of the crippled children's fund to the current expense fund. We held such a transfer could not be made. We therein said:

"The crippled children's fund was raised for the benefit of the crippled children of Ottawa county, and the county taxing officials of Ottawa county were without authority of law to take that fund from those children and use it for the payment of current expenses. If any portion of the fund was not necessary for the use of the crippled children during that fiscal year, it should have been carried forward and considered as a balance on hand in that fund at the end of the fiscal year."

Upon consideration of the foregoing authorities, we are of the opinion, and hold, that taxes levied and collected for one purpose cannot thereafter be used for another and different purpose.

This brings us to a consideration of the second proposition of the Craig county excise board:

"The prohibition upon the diversion of funds created by taxes levied for a specified purpose into another and foreign purpose also extends to money in restoration or reimbursement to such fund for moneys expended therefrom."

In Protest of Reid et al., 160 Okla. 3, 15 P. 2d 995, this court considered that portion of article 10, sec 16, of the Oklahoma Constitution, which reads: ". . . and the money so borrowed shall be used for no other purpose."

In Protest of Reid, supra, we were called upon to consider cash receipts derived from the sale of a light plant by the city of Woodward. The cash on hand was $322,046.25. The Court of Tax Review held that the fund might be dealt with by the city council in such ways as

it should decide was to the best interests of the city. We reversed the holding of the trial court, declaring that:

"When a municipal utility, which was purchased, constructed, or repaired with borrowed money, is converted into money by reason of a sale of the property, the proceeds of the sale are controlled by the provisions of sections 16 and 27, article 10 of the Constitution, and may be used only for the purpose for which the money was borrowed. Where the proceeds of the sale are not used for the purpose for which the money was borrowed, they must be used to reimburse the taxpayer."

See, also, Gulf, C. & S. F. Ry. Co. v. Excise Board of Love Co., 141 Okla. 34, 283 P. 1003; O'Neil Engineering Co. v. Incorporated Town of Ryan et al., 32 Okla. 738, 124 P. 19; City National Bank of Ft. Smith, Ark., v. Incorporated Town of Kiowa et al., 104 Okla. 161, 230 P. 894; 39 A.L.R. 206; In re Bliss, 142 Okla. 1, 285 P. 73, and Aaronson v. Smiley, County Treasurer, 142 Okla. 29, 285 P. 59.

The above and foregoing cases deal with the prohibition contained in article 10, sec. 16, of the Oklahoma State Constitution with reference to the use of borrowed money. That provision of our State Constitution is similar to and comparable with the provision against the use of moneys raised by taxes for another and different purpose contained in section 19 of article 10 of our State Constitution. The analogy between the two sections of the State Constitution is apparent and obvious without further or additional discussion.

We therefore conclude that the prohibition upon the diversion of funds created by taxes levied for a specified purpose into another and foreign purpose extends to money in restoration or reimbursement to such fund for moneys expended therefrom.

We also conclude that the $8,124.60 was a part of the county highway cash fund and that it should have been carried into the next and succeeding fiscal year as an item available for expenditure in connection with the maintenance of county highways.

We further conclude that the judgment of the Court of Tax Review sustaining the protest as to this item was erroneous and that the same should be reversed with directions to enter judgment denying the protest.

The proof relating to the source of the disputed funds is not as clear and certain as perhaps it could or should have been. But we think there is enough proof in the record to make a prima facie showing that said funds were allocable to the special cash highway fund.

The protestant stresses the case of Carter County Excise Board v. Kurn et al., 191 Okla. 9, 126 P. 2d 997, as being controlling of the present controversy. That case is distinguishable from the case at bar in that the Carter County Case simply held that a cash surplus derived from a levy for highway purposes should be applied toward reducing the ad valorem tax levy of the county for the following year. The present case does not involve a levy for highway purposes nor a surplus derived from county levies for highway purposes, for here the cash under consideration was not obtained through tax levies. The money in controversy was derived during the fiscal year from the sale of condemned equipment, the rental of county road machinery and from the Grand River Dam Authority as hereinbefore pointed out. The moneys derived from said items were merely a restoration to the fund and a reimbursement thereof.

Protestant also cites Aaronson v. Smiley, County Treasurer, supra; Gallion v. Excise Board of Oklahoma County, 171 Okla. 76, 42 P. 2d 508; Gulf, C. & S. F. Ry. Co. v. Excise Board of Love Co., supra; Keith v. Winters, 194 Okla. 634, 154 P. 2d 83; Protest of Reid, supra, and Ross v. Simser, 193 Minn. 407, 258 N. W. 582.

We have examined the cases cited, but find nothing therein inconsistent with the views herein announced.

We therefore conclude, and hold, that the protest should have been denied. This cause is remanded, with directions to reverse the judgment herein rendered and enter judgment denying the protest.

HURST, V.C.J., and BAYLESS, WELCH, and CORN, JJ., concur. OSBORN, J., concurs in conclusion. GIBSON, C.J., and ARNOLD, J., dissent.