OSAGE COUNTY EXCISE BOARD,
Plaintiff in Error,

v.

MISSOURI–KANSAS–TEXAS RAILROAD
CO., a Corporation, Defendant
in Error.

No. 38627.

Supreme Court of Oklahoma.

June 2, 1959.

218

R. E. Havens, County Atty., Pawhuska, Patrick A. Williams, Asst. County Atty., Pawhuska, Mac Q. Williamson, Atty. Gen., James C. Harkin, Asst. Atty. Gen., for plaintiff in error.

Ben Franklin, of Satterfield, Franklin & Harmon, Oklahoma City, Dan Welch, of Rainey, Flynn, Anderson & Welch, Oklahoma City, for defendant in error.

Harry Johnson, Oklahoma City, for Oklahoma Education Ass'n.

C. H. Rosenstein, Tulsa, for Independent School Dist. No. 1 of Tulsa County, Okl.

Charles B. Duffy, Ponca City, for Independent School Dist. No. 71 of Kay County, Okl.

W. A. Lybrand, Oklahoma City, for Independent School Dist. No. 89 of Oklahoma County, Okl.

Richard Kane, Bartlesville, for Independent School Dist. No. 30 of Washington County, Okl.

Denver Meacham, Clinton, for Independent School Dist. No. 99 of Custer County, Okl.

A. Camp Bonds, Muskogee, for Independent School Dist. No. 20 of Muskogee County, Okl.

Martin E. Dyer, Ardmore, for Independent School Dist. No. 19 of Carter County, Okl.

Loeffler & Allen, Sapulpa, for Independent School Dist. No. 33 of Creek County, Okl.

H. I. Aston, McAlester, for Independent School Dist. No. 80 of Pittsburg County, Okl.

F. A. Petrik, Broken Arrow, for Independent School Dist. No. 3 of Tulsa County, Okl.

James M. Wilson, Enid, for Independent School Dist. No. 57 of Garfield County, Okl.

Hoel & Horton, Stillwater, for Independent School Dist. No. 16 of Payne County, Okl.

JACKSON, Justice.

Two school districts in Osage County made emergency tax levies of five mills. The Court of Tax Review sustained the protest of Missouri-Kansas-Texas Railroad Company to a portion of each such levy. The Osage County Excise Board appeals.

Subsection (d) of Section 9, Art. 10, of the Constitution provides that school districts may make an emergency levy "not to exceed five (5) mills" when approved by the voters, which levy is to provide "only sufficient additional revenue to meet the need for * * * each fiscal year." Said subsection contains a formula for computing need as follows:

"* * * Need shall be the average daily attendance of all pupils for the

preceding year, plus the average annual increase, if any, for the preceding three (3) years, multiplied by the per capita cost index *minus the legal current expense in the school district for the preceding year.* The per capita cost index is set at Two Hundred Fifty Dollars ($250.00) for the fiscal year ending June 30, 1956, and thereafter shall be increased or decreased by the State Board of Education in proportion to the increase or decrease in the per capita income of Oklahoma citizens, unless otherwise provided by law." (Emphasis supplied.)

The questions for determination are whether expenditures for capital outlay and expenditures of funds derived from a previous emergency levy may be excluded in computing "legal current expenses."

It can be seen by reading the formula that the less the "legal current expense" for the preceding year, the more that can be raised by an emergency levy the ensuing year, and vice versa.

■ The above mentioned constitutional provision was proposed by the 1955 Legislature, and approved by the people on April 5, 1955. Subsequently, the same Legislature amended 70 O.S.1951, § 4-40 to provide:

" * * * In determining the eligibility of the school district to make an emergency levy under the provisions of Section 9(d) of Article X, Oklahoma Constitution, as amended, the legal current expense of the district shall be all the expenditures from the general fund of the district during the preceding year, except (1) expenditures for transportation of pupils; (2) *capital outlay;* (3) debt service; and (4) *the amount appropriated from any previous emergency levy; * * *.*" (Emphasis supplied.)

The statute clearly provides that the items in question are to be excluded in computing legal current expenses. However, the Court of Tax Review sustained the protests on the grounds that such items should *not* have been excluded. This deci-

sion was apparently based upon our holding in Kiowa County Excise Board v. St. Louis-San Francisco Ry. Co., Okl., 301 P.2d 677, 681. In their brief, protestants rely solely upon our decision in that case.

In the Kiowa County case we held that the statute was in conflict with the Constitution and invalid as to the provision excepting expenditures for transportation in computing legal current expense. In the body of the opinion we said "Beyond question, expenditures for transportation of pupils are in fact expenditures from the general fund of the district and a current expense of the district."

We further said that the term "legal current expense" was not of doubtful or uncertain meaning; therefore, we did not need to consider the principle that a legislative construction of a constitutional amendment, particularly by the Legislature which framed it, is highly persuasive, which principle is announced in State ex rel. Kerr v. Grand River Dam Authority, 195 Okl. 8, 154 P.2d 946.

The term "legal current expense" is not of doubtful meaning when considered alone. It is capable of exact definition.

The doubt arises, if at all, when an attempt is made to determine whether a certain expense should be considered as a legal current expense. Ordinary and continuing transportation costs obviously are legal current expenses, and the attempt by the Legislature to provide otherwise could not succeed. But we must consider the other exclusions independently.

The term "current expenses" is defined in Black's Law Dictionary as follows: "Ordinary, regular, and continuing expenditures for the maintenance of property, the carrying on of an office, municipal government, etc." In the same work, capital outlay is defined as: "Money expended in acquiring, equipping, and promoting an enterprise."

According to popular usage the two terms approach being mutually exclusive of each other.

In its opinion the Court of Tax Review cited Oklahoma County Excise Board v.

Kurn, 184 Okl. 96, 85 P.2d 291, as authority for the proposition that capital expenditures were items of current expense. In the first paragraph of the syllabus in that case we said:

"An expenditure for new buildings as an item of current expense out of the general fund of a school district is authorized by section 12677, O.S. 1931, as amended by article 13, chapter 66, S.L.1935."

The fact that a statute *authorizes* a capital expenditure from the general fund as an item of current expense has no bearing on the question of whether capital expenditures are generally considered as items of current expense. Such a statute merely creates an exception and to some extent shows capital expenditures are not generally considered as current expenses. 70 O.S. 1951, § 1–19 provides that "The General Fund of any school district shall consist of all moneys which may legally be used for current expense purposes," and that an appropriation for capital outlay may be made therefrom. If it was necessary to specifically authorize capital expenditures from the general fund, it tends to show that such expenditures are not usually regarded as items of current expense.

In the Kiowa County case, supra, we said the last-mentioned statute shows that the term "current expense" is synonymous with expenditures from the general fund. This we now think was an erroneous conclusion. The fact that all moneys which may legally be used for current expenses must come from the general fund does not in logic necessarily mean that all expenditures from the general fund are legal current expenses. Therefore, in our opinion, the fact that capital expenditures are made from the general fund does not necessarily mean that such expenditures are items of "legal current expense" as that term is used in the Constitution.

In view of the fact that capital outlay is not normally considered as current expense, we cannot say that the legislative provision excluding capital outlay from the computation of legal current expense is in conflict with the constitutional amendment.

■ ■ We now consider the exclusion of expenditures from previous emergency levies. The record before us does not disclose the nature of such expenditures. But the case was tried on the theory that such expenditures went for current expenses. The Excise Board does not contend to the contrary. It relies solely on the fourth exclusion of the statute which excludes expenditures from prior emergency levies.

If that provision of the statute is valid the school districts are entitled to exclude expenditures for transportation and all other current expenses, so long as such expenditures are made from proceeds of a previous emergency levy. But this would be clearly contrary to the Constitution.

The formula contained in the amendment provides that legal current expenses of the preceding year are to be subtracted. In the absence of further words of qualification this must mean *all* legal current expenses. There is nothing in the amendment which suggests that expenditures from prior emergency levies should be excluded or considered differently than other items of current expense. The effect of the legislative Act in this respect is to say that expenditures for current expenses are not expenditures for current expenses. Therefore, under the reasoning and law of the Kiowa County case, the legislative provision excluding expenditures from prior emergency levies transgresses the Constitution and is invalid.

The judgment of the Court of Tax Review is reversed to the extent that it reduced the levies based upon the exclusion of expenditures for capital outlay and affirmed to the extent that it reduced the levies based upon the exclusion of proceeds from prior emergency levies.

It is the order and judgment of this court that the tax levies here involved and as made by the above-mentioned County Excise Board be reduced as to the millage necessary to conform to that part of the

judgment of the Court of Tax Review that is herein affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, HALLEY, JOHNSON, BLACKBIRD and IRWIN, JJ., concur.