COUNTY EXCISE BOARD — COUNTY HEALTH DEPARTMENT'S BUDGET
A county excise board must approve the county health department's budgetary estimate in the full amount if such estimate can be financed by a levy within constitutional limitations as approved by the electorate and the board must, within constitutional limitations as approved by the electorate, levy an amount sufficient to provide for such estimate. The Attorney General is in receipt of your letter in which you in effect ask the following question: Must a county excise board approve the county health department's budgetary estimate in the full amount if such estimate can be financed by a levy within constitutional limitations approved by the electorate, and if the estimate so requires must the board levy to the full amount constitutionally authorized by the electorate? Article X, Section 9A of the Oklahoma Constitution provides in pertinent part as follows: "For the purpose of maintaining or aiding in maintaining a department of health within any county of the State, an additional levy not to exceed two and one-half mills on the dollar of the assessed valuation of the county may be levied annually, when such levy is approved by a majority of the qualified ad valorem tax paying voters of the county, . . ." Title 63 O.S. 1-226 [63-1-226] (1971) provides in pertinent part as follows: "The County Board of Health shall annually file with the county excise board an estimate of needs for the operation or maintenance of the County, District or Cooperative Department of Health to the extent that county funds are required for such purpose, and it shall be the mandatory duty of the county excise board to approve the same to the extent that such estimate of needs can be financed with proceeds of a levy authorized in accordance with the provisions of Section 9A, Article 10, Section 9(a) Oklahoma Constitution; and so much of the levy as may be needed shall thereupon be ordered made . . ." The people are the repository of the government and with them rests the ultimate power to authorize an ad valorem tax levy for maintaining a county health department and once a levy is so authorized it can not be altered or revoked by an excise board prior to approval by the majority of the electorate. Although the question you have posed has not been specifically decided by the Oklahoma courts, the Court has decided analogous issues involving millage levies and the duties of excise boards in appropriating funds for school districts. Article X, Section 9 of the Oklahoma Constitution provides for the levying, and appropriating of ad valorem taxes for school districts. In construing this statutory provision, the Supreme Court of Oklahoma has consistently held that an excise board may not make appropriations below the amount estimated where the estimate is within constitutional limitations. In State ex rel Board of Education of City of Stillwater v. Excise Board of Payne County, 7 P.2d 473, the Court stated: "It is the contention of the school district that the excise board had no authority to reduce the estimate made by it and the levy of fifteen mills necessary to meet the same after the approval thereof by a majority vote of the electors of that district at an election held for that purpose. With this contention we agree. It is not denied that, according to the valuation of the property located within that district, a fifteen mill levy would have raised revenue sufficient to care for the estimated needs of the district. This being true, the excise board was without authority to reduce either the estimate or the levy. " In the case of In re Tax Levies of City of Woodward, et al., 143, Okla. 204, 288 P. 458, 459, the Court held: " 'If the estimated needs of a municipality for the general fund expense of the municipality can be supplied within the statutory limitations, it is the duty of the excise board to make the appropriations therefore in the amounts estimated to be needed for that purpose, and the excise board is not authorized to make the appropriations in a lesser amount than that estimated to be needed, if the amount estimated to be needed can be appropriated within the statutory limitations.' " In the cases of Oklahoma County Excise Board v. Kurn, et al.,184 Okl. 96, 85 P.2d 291 and in Williamson v. Board of Education, 117 P.2d 120, the Court followed the same reasoning as it did in the Excise Board of Payne County case. In the situation to which you refer the Constitution provides a procedure whereby the electorate can choose whether or not to approve an ad valorem tax levy to support and maintain the County Department of Health. Through statutory provisions the Legislature has made it mandatory upon a county excise board to approve the submitted estimate of the Department of Health to the extent that such estimate can be financed by proceeds of a levy authorized by the Constitution. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. A county excise board must approve the County Health Department's budgetary estimate in the full amount if such estimate can be financed by a levy within constitutional limitations as approved by the electorate and the board must, within constitutional limitations as approved by the electorate, levy an amount sufficient to provide for such estimate. (Marvin C. Emerson)