## BOARD OF ED. OF OKLAHOMA CITY v. EXCISE BD. OF OKLAHOMA COUNTY et al.

No. 26737.   Dec. 17, 1935.

Rehearing Denied Jan. 21, 1936.

Frank Wilkins, for plaintiff in error.

Lewis R. Morris, Co. Atty., B. C. Logsdon, Asst. Co. Atty., (J. D. Lydick, on the brief), for the Excise Board.

WELCH, J.   The action was brought by the board of education of the city of Oklahoma City to require, by mandamus, certain action by the excise board of Oklahoma county.   The board of education has appealed from certain rulings of the trial court, and the excise board has cross-appealed therefrom.

The school board first contends that the excise board acted arbitrarily and in excess of its authority in allocating to the Oklahoma City school district only 4.5 mill levy for general fund purposes; alleging that 5 mills should have been allowed.

The facts are that the excise board, by general order of allocation, apportioned to the county 6 mills, to the cities and towns 4.5 mills, and to the school districts 4.5 mills for general fund purposes, acting under authority of the 1933 amendment to section 9, article 10, of the Constitution.

The record here conclusively shows that had the Oklahoma City school district been allowed a greater portion of the 15-mill limit provided by the constitutional amendment referred to, the amount allowed to cities and towns or the amount allowed the county would have been necessarily reduced. In this connection we need say nothing further than that the record here contains no showing that the relative needs of the other municipal subdivisions could be supplied with a smaller levy than that allowed. There is nothing in the record to indicate any excessive or arbitrary use of the authority granted to the excise board by the 1933 amendment to section 9, article 10, of the Constitution, nor a violation of its duty or the misuse of its power in this regard, as outlined and determined in A., T. & S. F. Ry. Co. v. Excise Board of Washington County, 168 Okla. 619, 35 P. (2d) 274, and Protest of St. L.-S. F. Ry. Co. et al., 171 Okla. 180, 42 P. (2d) 537. The ruling of the trial court upholding the action of the excise board in this regard is sustained.

The school board next contends that the excise board was in error in using an item

of $186,892.34 as an asset or basis of financing the appropriations. That item consisted of funds impounded by virtue of tax protests as provided by section 12313, O. S. 1931. Such funds were proceeds of the 1934 tax levy, and were impounded and held by the county treasurer on June 30, 1935, pending future determination of pending tax protests. These funds were not released for use by the school board on that date and could never be released for such use until the final denial of the tax protests concerning the same.

Shortly before the final action of the excise board here taken in October, 1935, this court denied the tax protests, and the excise board, being advised thereof, proceeded upon the theory that the funds were then released and should be by it considered and used as an asset as herein related. The trial court affirmed the action of the excise board in this regard, and the same is assigned as error by the school board.

It is to be seen from the facts stated that at the end of the fiscal year 1934-35 these funds were not available for use by the school board in the preparation of its financial statement; it could not have included the item therein as a fixed and determined asset as a basis of financing appropriations. Section 12674, O. S. 1931, provides that:

"* * * The board of education of each independent school district shall * * * make in writing a financial statement showing the true fiscal condition of their respective municipalities as of the close of the previous year. * * *"

The question thus presented is no longer open in this jurisdiction. In Protest of Chicago, R. I. & P. Ry. Co., 150 Okla. 167, 1 P. (2d) 383, this court held in the fifth paragraph of the syllabus as follows:

"A financial statement and estimate should be made as of the close of the fiscal year, and there may not be included therein either receipts or disbursements occurring after the close of the fiscal year. The funds in the hands of the State Treasurer which have been apportioned by the State Auditor to a school district, but which have not been paid to the county treasurer for the benefit of the school district at the close of the fiscal year, may not be considered in the financial statement and estimate of needs for the ensuing fiscal year."

In dealing with the question the court in the opinion said:

"Item No. 11 involves the general fund of the Oklahoma City school district. The protestant contends that the school district had an amount in the hands of the State Auditor that had been apportioned to the school district, and which was paid to the county treasurer on July 16, 1929, 60 days before the rates of levy were certified to the Court of Tax Review, and that that amount was not considered in the financial statement and estimate. It appears that that amount was apportioned by the county treasurer to the school district on August 2, 1929.

"The financial statement and estimate is made as of the close of the fiscal year, and there may not be included therein either receipts or disbursements occurring after the close of the fiscal year. The fact there were funds in the hands of the State Auditor belonging to the school district does not affect the financial status of the school district for the reason that those funds may or may not be paid to the school district. While it is entirely probable that they will be paid, until they are paid they do not become assets of a school district which must be accounted for in a financial statement and estimate. The judgment of the Court of Tax Review on this item is affirmed."

The above opinion reflects the policy of the law as fixed by legislative enactments, that the assets of the municipality shall be marshaled as of the close of the prior fiscal year.

The case of Protest of Trimble et al., 151 Okla. 74, 300 P. 406, deals with the identical question as presented here, and dispenses with further elaboration. See, also, Protest of St. L.-S. F. Ry. Co., 166 Okla. 50, 26 P. (2d) 212, and St. L.- S. F. Ry. Co. v. Choctaw County Excise Board, 173 Okla. 312, 48 P. (2d) 312.

The ruling of the trial court upholding the action of the excise board in this regard is reversed.

Upon this point the excise board contends that:

"Even though the court should hold that the $186,892.34 could not be treated as a cash balance and applied toward the satisfaction of the school district's approved estimate for the purpose of lowering the rate of ad valorem taxes, nevertheless, the issuance of the court's extraordinary writ of mandamus would confer upon the school district no just and equitable relief and would produce such evil, unjust and inequitable consequences and do such rank injustice to the taxpayers of the school district that the court should decline to issue such writ."

The gist of the asserted unjust and inequitable consequences urged is that when and if the funds are released, the school district would then be able to use the same

by supplemental appropriation or there would result only an unnecessary surplus.

There is no contention that the issuance of this writ would result in great public injury or inconvenience as was noticed in Webster v. Morris, 129 Okla. 145, 264 P. 190, and Board of Education of City of Guthrie v. Excise Board of Logan County et al., 86 Okla. 24, 206 P. 517.

The rule applicable to the case at bar is stated in paragraph 3 of the syllabus in City of Ardmore v. Excise Board of Carter County, 155 Okla. 126, 8 P. (2d) 2, as follows:

"Where a writ of mandamus is sought to enforce the performance of a statutory duty, which is plain and definite, the refusal to perform such statutory duty is sufficient to authorize the issuance of the writ."

We, therefore, find that no reason is shown why the writ should not issue in full accord with the rights of plaintiff to have plain duties performed in the manner provided by law.

The cross-appeal of the county excise board involves the action of that board in reducing the estimate submitted to it by the school board. Such reduction of the estimate reduced the tax levy substantially below 14.5 mills. The school district had voted the "additional ten mills" as provided by law, and was entitled to have the total levy fixed at 14.5 mills if necessary to finance its legitimate estimate of needs. The trial court held that the excise board was without authority to so reduce the estimate, and that holding is urged as error in this cross-appeal.

The excise board asserts that it is given authority to reduce the estimate made by the school board by virtue of the provisions of section 12677, O. S. 1931. An exhaustive discussion of the office of this statute was made in the case of City of Ardmore v. Excise Board of Carter County, supra. Therein it is shown that the excise board may revise and correct the estimate in certain respects and under certain conditions. The excise board might have such supervision over estimates for school district purposes under the provisions of section 12677, supra, were it not for the prohibition contained in section 12675, O. S. 1931. In School District No. 4 of Garfield County v. Independent School District No. 4½ of Garfield County, 153 Okla. 171, 4 P. (2d) 1031, this court in the second paragraph of the syllabus laid down the following rule:

"An estimate made by a school district for the conduct of a school may not be reduced by the excise board, if the rate of levy authorized by the voters of the school district under the statutory and constitutional limitations is sufficient to produce the amount of the estimate made."

In so doing it is apparent that the court had in mind that section 12675, O. S. 1931, was a special statute relating to school districts and limited the general powers which might have otherwise been granted to the excise board so far as school districts were concerned under the provisions of section 12677. See, also, Stockton v. Excise Board of Payne County et al., 155 Okla. 120, 8 P. (2d) 57; State ex rel. Consolidated School District No. 2, Payne County, v. Excise Board of Payne County et al., 155 Okla. 121, 8 P. (2d) 66; State ex rel. Joint School District No. 10, Payne County v. Excise Board of Payne County et al., 155 Okla. 122, 8 P. (2d) 58; Board of Education, School District No. 60, Logan County, et al. v. County Excise Board of Logan County et al., 155 Okla. 214, 8 P. (2d) 683; State ex rel. Board of Education v. Excise Board of Payne County et al., 155 Okla. 227, 7 P. (2d) 473. It is apparent in these cases that this court in construing section 12675 held therein the excise board was specifically denied any authority to decrease the additional 10 mills which might be voted by the people, or the statutory 5 mills which was given to the school district by the law. To the same effect is State ex rel. Board of Education, City of Tulsa, v. Morley, 168 Okla. 259, 34 P. (2d) 258.

The excise board urges that the construction thus given to section 12675 is erroneous, and that the cases should be at this time overruled. It urges that the limitation of the excise board's powers contained in section 12675 related only to the additional 10 mills which the section authorizes upon vote of the district. Whatever may be the logic in the argument in this connection, it is our view that we are now foreclosed from a reconsideration of the question, for the reasons which we will hereinafter mention. Not alone are we disinclined to disturb the decisions under the rule of stare decisis and the urgent importance of stability of opinions which have affected for a number of years all other school districts throughout the state, and governed them in their conduct, but we observe an additional reason for refusing to disturb the opinions if we were so inclined to do.

The 1935 Legislature re-enacted section

12677, supra, with certain amendments not material here. Section 1, article 13, ch. 66, S. L. 1935, page 330, deals with the general powers of the excise board, and there was then cast before the Legislature a reconsideration of the powers and duties which it desired to place upon the excise boards of the state in matters of this character. The Legislature was fully aware that this court in a number of decisions had construed section 12675, supra, to be a limitation upon the power of the excise boards as the same related to school districts, and it was also familiar with the case of City of Ardmore v. Excise Board of Carter County, supra, which specifically construed and defined the office of section 12677, which was then being considered and amended. The section as amended in 1935 generally grants to the excise boards the power to do what was done in this case, but the provisions of the special act, 12675, supra, limited that power and is not in conflict therewith, as shown in the cited decisions of this court. Under such circumstances we conclude that the Legislature in 1935 approved the construction of such statutes as set out in the decisions of this court hereinabove mentioned, and adopted the same as its own policy in so far as the same regards the question here presented.

A statement of the law in this regard is found in 59 C. J. 1061, as follows:

"Where a statute that has been construed by the courts of last resort has been re-enacted in same or substantially the same terms, the Legislature is presumed to have been familiar with its construction, and to have adopted it as a part of the law, unless a contrary intent clearly appears, or a different construction is expressly provided for, and the same rule applies in the construction of a statute enacted after similar or cognate statute has been judicially construed. So where words or phrases employed in a new statute have been construed by the courts to have been used in a particular sense in a previous statute on the same subject, or one analogous to it, they are presumed, in the absence of a clearly expressed intent to the contrary, to be used in the same sense in the new statute as in the previous statute."

The ruling of the trial court as attacked in this cross-appeal is sustained.

Some argument is incorporated in the briefs herein regarding the question whether the excise board and the school district are confined to an original estimate made by the school district and filed with the excise board, or to an amended or smaller total estimate of needs, filed thereafter. We observe that the school board concedes that if the excise board is not required to make a 15-mill levy, and if the excise board was in error in using the $186,892.34 item, this question becomes immaterial in this case. We have so determined both those points, and, therefore, give no further consideration to the question of the one or the other estimate as being necessarily controlling or binding.

The cause is reversed and remanded to the trial court, with directions to grant the writ of mandamus containing the provision that the excise board shall withdraw the former appropriations from the offices in which filed; that it approve so much of the amended estimate of the school board submitted in full or so much thereof as can be approved and financed by use of a total levy of 14.5 mills; that it strike from any consideration as a basis of financing appropriations or as an asset in its present consideration the item of $186,892.34; and that it make a 14.5 mill levy if the same is required to supply the needs of the school district as shown by the amended estimate.

It appearing to the satisfaction of the court to be necessary and just, it is ordered that the time usually allowed to file petition for rehearing is reduced from 15 days to seven days from the filing of this opinion.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, BUSBY, CORN, and GIBSON, JJ., concur.