LOWDEN et al. v. WASHITA COUNTY, EXCISE BOARD.

*100 P. 2d 459.*

No. 29666.   March 19, 1940.

W. R. Bleakmore, W. L. Farmer, John Barry, and Robert E. Lee, all of Oklahoma City, for plaintiffs in error.

Raymond T. Plumlee, County Atty., of Cordell, for defendant in error.

WELCH, V. C. J.   Protestants assert that the 9-mill limit of levy allocated to Washita county for the fiscal year 1939-40, and the 9-mill levy for general fund made for the county, is excessive to the extent of 1 mill.

The excise board allocated the following limits of levy:

| | | |
|---|---|---|
| Counties | 9 | mills |
| Cities and towns | 1 | " |
| School districts | 5 | " |
| Total | 15 | " |

It is asserted that article 11 of chapter 33, S. L. 1935, page 136, constitutes a legislative allocation of 2 mills, and that therefore the excise board had only 13 mills of the 15-mill constitutional limit of levy which it could allocate to the county and school districts.

It is stipulated that the governing board of the city of New Cordell requested and received an appropriation of $1,720 for library purposes and that had such appropriation been financed by a tax levy against the 1939 valuations, the same would have required a levy of 2.91 mills. It is shown, however, that the total appropriations for such city, including the appropriation for library purposes, did not require in excess of a 1-mill levy.

The legislative act, including title, appears as follows:

"An Act amending section 6347, Oklahoma Statutes 1931; relating to public libraries of cities and towns and to estimated needs, appropriations and levies therefor, and declaring an emergency.

"Be it Enacted by the People of the State of Oklahoma:

"Section 6347, Oklahoma Statutes 1931, is hereby amended to read as follows:

" 'Section 6347: The city council or legislative body of any city or incorporated town in this state, shall have power to establish and maintain a public library and reading room, or either of them, for the use and benefit of the inhabitants of such city or town, and after the establishment thereof it shall be the duty of each such city council or legislative body to include an item in the annual financial statement and estimated needs of their city or town, for the following fiscal year to maintain said public library and reading room or either of them, and which item will be in an amount equal to the amount a levy of not less than one-half (½) nor more than two (2) mills would have raised upon the assessed valuation of said city or town during the prior fiscal year. If the aggregate amount of estimated needs of said city or town, as shown by said financial statement and estimated needs, exceeds the amount which can be raised by the number of mills the excise board of the county apportions to said city or town for said fiscal year, under the provisions of section 9, article 10, of the Constitution of the state of Oklahoma, as amended, said board will be without power, in order to bring said aggregate within the amount which can be so raised, to reduce the amount of said item. Approved May 8, 1935. Emergency.'"

We have examined the legislative enactment (article 11 of chapter 33, S. L. 1935), but do not discern anything in the act nor in its title indicating a legislative intent to effect or apportion the constitutional limit of levy.

This legislation, by its terms, would seem to authorize the governing body of a city or incorporated town to establish and maintain a public library and reading room, and to provide rules for a minimum and maximum appropriation for same. It does not purport to say that any minimum or maximum tax levy shall be made. In fact, it does not necessarily require any tax levy whatsoever, nor does it purport to fix a minimum or maximum tax levy. The reference to mill rates of levy relates only to the method of determining the amount of appropriations, without regard to the current levy which might be necessary to finance the same—it is to be calculated with reference to the prior years' valuations, and obviously is not related to the constitutional limitations of current levies.

The purported limitation upon the excise boards therein contained would by its terms operate to accomplish nothing more than to require such boards to leave intact such requested appropriation for library purposes if it may be done within the finance limitations. We see no intent therein to further limit or abridge the power or authority of the excise board, nor does it relate to the constitutional limits of tax levy.

Attention is called to that portion of article 25 of chapter 66, S. L. 1939, providing as follows:

"Such portion of the fifteen (15) mills that may be apportioned to city

and/or town purposes by the county excise board, or the Legislature, under the provisions of section 9, article 10, Constitution, as amended, shall be used, so far as may be necessary, together with other income and surpluses legally accruing to the general fund of such city or town, other than those indicated in the 'Fifth' provision of this section, as defined herein, to provide for the estimate of needs as submitted by the governing board of such city or town, until otherwise provided by law, as follows:

"Library Budget Account, Mandatory, where applicable under provisions of House Bill No. 555, Session Laws 1935, at not to exceed net proceeds of two (2) mills. * * *"

In connection therewith, protestants assert:

"We say that means that when the governing board of the city of New Cordell requested and the excise board allowed an appropriation of $1,720 for library purposes for said city the approval of that appropriation operated under the law to allocate out of the 15.00-mill limitation to the city of New Cordell at least 2.00 mills for library purposes, because it is admitted that the amount of this appropriation is such that it is equivalent to more than 2.00 mills upon the taxable valuation of the city. * * *"

Whatever may be the effect of the 1939 legislation, with reference to the 1935 act, and the duties and limitations imposed upon the governing board, we do not need to decide here.

The financing of all of the appropriations for the city of New Cordell, including the library appropriation, required no more than a 1-mill ad valorem levy. We cannot agree with the contention that the excise board's approval of those appropriations, all within the 1-mill limit apportioned to cities, constituted in law an allocation of a 2-mill limit of levy to cities. An examination of the title of· the quoted act and the general subject matter thereof impels us to the conclusion ,that the Legislature did not thereby intend to exercise its power to apportion the con-

stitutional limits of the levy, insofar as relates to tax levies for libraries in cities.

The last above-quoted provisions of the 1939 act indicate a legislative recognition of the continuing right, power, and duty of the excise board to apportion the constitutional limits of levy.

The Court of Tax Review did not err, and its judgment denying the protest is, therefore, affirmed.

BAYLESS, C. J., and RILEY, OSBORN, HURST, and DAVISON, JJ., concur. CORN, GIBSON, and DANNER, JJ., absent.