STATE ex rel. CITY OF MANGUM v. GREER et al.

No. 30073. March 10, 1941.

*111 P. 2d 178.*

Hollis Arnett, of Mangum, for plaintiff in error.

Jack Sasseen, County Atty., and Homer Windle, Asst. County Atty., both of Mangum, for defendants in error.

WELCH, C. J. The question is whether, upon the facts shown, the excise board may be required by mandamus to allocate to a city a portion of the 15-mills limit of ad valorem tax levy.

Prior to the commencement of this action, the excise board had, by proper resolution or order, allocated the limits of levy as provided by the 1933 amendment to section 9, art. 10, of the Constitution in the following manner: To county 10 mills; to the school district 5 mills.

The city's requests for appropriations, proper in form, contained an item of $1,908.12 for library purposes. The total requests, if allowed, would necessitate an ad valorem tax levy of approximately 2 mills on the valuation.

The excise board, without finally disallowing any specific item of the requested appropriation, advised the city of its action in apportioning the limit of levy as above noted, which resulted in the allowance of no ad valorem tax levy to the city. Whereupon this action was commenced to require the excise board to make a tax levy and to approve the total estimate of needs as submitted.

The city herein presents its cause under two propositions, the first of which we quote as follows:

"May the county excise board allocate 10 mills to the county, 5 mills to the schools, and no mills to the cities and towns?"

This court has not heretofore decided the question thus presented, although in Tulsa County Excise Board v. City of Tulsa, 180 Okla. 248, 68 P. 2d 823, we held that the entire 15-mills limit must be apportioned, which case is cited by the city as supporting its views.

We concede merit in the contention that the constitutional amendment providing for allocation of the 15-mills limit among three specifically named subdivisions of government contemplates some proper share for each of those named. Such, however, appears to be a literal view of its terms without regard to its obvious and well-determined purpose and without regard to its practical application here.

To illustrate: Let us give to the amendment the meaning advocated by the city as above shown—that is, that same requires the excise board to allocate some portion of the 15 mills to each of the three named subdivisions. Obviously such conclusion could be of no benefit here, unless we are able to determine the exact proportions which should go to each. We are convinced of our lack of power to arbitrarily fix the proportion in this or any other case, and it is quite obvious that the amendment does not by its terms require an allocation of the amount contended for here to be made to the city of Mangum.

It is suggested that the allocation here made is arbitrary, inequitable, and unjust. It may be that the courts might assume to act to correct a clear arbitrary act of the excise board in the matter of the allocation of limits of levy in a proper case and upon proper showing. We do not here express an opinion in that regard, for the reason that this record does not reflect arbitrary action in the matter of allocating the limits of levy. The record in that respect being similar to that in Board of Education of Oklahoma City v. Oklahoma County Excise Board, 175 Okla. 363, 53 P. 2d 565.

We decline to hold that the 1933 amendment to section 9, art. 10, of the Constitution requires that some portion of the limits of levy must in all cases be allocated to each of the three subdivisions of government enumerated therein, because such rule could serve no useful, practical, or sensible purpose, being within itself incomplete unless we can further state the proportionate part, or at least the minimum, each is to receive, which we are unable to do.

The city's second proposition is stated in the form of a question as follows:

"May the county excise board refuse to allow a request for an appropriation for library purposes when same is an amount less than the amount 2 mills applied to the valuation for the preceding year will produce?"

The exact question as put by the city does not appear to be in this case, as the excise board has not refused to make the requested appropriation for library purposes. It has in fact merely performed its duty of apportioning the limits of levy, which resulted in a refusal to allow the city to levy an ad valorem tax, and such action will result in a necessary reduction in the total appropriations which may finally be made.

The argument presented by the city calls attention to section 6347, art. 11, chap. 33, S. L. 1935, and continues with the following language:

"Thereafter in 1939 the Legislature of this state passed House Bill No. 300, which is article 25, chapter 66 of the Session Laws of 1939. Herein it exercised its authority to apportion definite, certain sums out of the 15 mills and thereby took said authority from the excise boards of the various counties."

And it is clear from the entire briefs that it is the position of the city that the excise board must apportion certain limits of levy and allow a levy of as much as 2 mills when requested as here shown.

What we have said with reference to those acts of the Legislature in Lowden et al. v. Washita County Excise Board, 186 Okla. 708, 100 P. 2d 459, and Tulsa County Excise Board v. Texas-Empire

Pipe Line Co., 188 Okla. 128, 106 P. 2d 792, is equally applicable here. Neither of those legislative acts purports to require the excise board to levy a tax in excess of the constitutional limit of levies as apportioned by said excise board, nor do they constitute a legislative apportionment of the constitutional limits of levy.

The judgment is affirmed.

CORN, C. J., and RILEY, OSBORN, HURST, DAVISON, and ARNOLD, JJ., concur. GIBSON, J., dissents. BAYLESS, J., absent.