** Summary ** STATE COLLECTIVE BARGAINING LAWS PREVAIL OVER SIMILAR CITY PROVISIONS The Firefighters' and Policemen's Arbitration Law, 11 O.S. 548.1 [11-548.1] (1971) through 548.14 take precedence over any city charter which in any manner is in conflict with the provisions of said Firefighters' and Policemen's Arbitration Law. The Attorney General has taken under consideration your request for a formal opinion in your letter dated January 18, 1972, wherein you ask: "Does the Firefighters' and Policemen's Arbitration Law, 11 O.S. 548.1 [11-548.1] through 70 O.S. 548.14 [70-548.14] (1971) take precedence over any city charter which in any manner is in conflict with the provisions of said Firefighters' and Policemen's Arbitration Law?" Article XVIII, Section 3(a) provides in part as follows: "Any city containing a population of more than two thousand inhabitants may frame a charter for its own government, consistent with and subject to the Constitution and laws of this state, . . . it shall thereafter be submitted to the Governor for his approval, and the Governor shall approve the same if it shall not be in conflict with the Constitution and laws of this State. Upon such approval it shall become the organic law of such city and supersede any existing charter and all amendments thereof and all ordinances inconsistent with it. . ." In the case decisions decided under the above quoted constitutional provision, it has been held that a charter adopted by a city under the authority of the Constitution becomes the organic law of the city and supersedes statutes of the State insofar as the statutes relate to matters of purely municipal concern. However, provisions of a charter adopted by a city are superseded by conflicting State statutes where such statutes affect matters of general statewide concern, or matters in which the State has a sovereign interest. State ex rel Brown v. Dunnaway,207 Okl. 144, 248 P.2d 232 (1952). It is provided in 11 O.S. 564 [11-564] (1971), as follows: "When a charter for any city of this State shall have been framed, adopted and approved according to the provisions of this Article, and any provisions of such charter shall be in conflict with any laws or laws relating to cities in force at the time of the adoption and approval of such charter, the provisions of such charter shall prevail and be in full force, notwithstanding such conflict, and shall operate as a repeal or suspension of such state law or laws to the extent of such conflicts; and such state law or laws shall not thereafter be operative insofar as they are in conflict with such charter: Provided, that such charter shall be consistent with and subject to the provisions of the Constitution, and not in conflict with the provisions of the Constitution and laws relating to the exercise of the initiative and referendum, and other general laws of the state not relative to the cities of the first class." In the case of Baughman v. Weicker, 136 Okl. 33,276 P. 208 (1929), it was held that city charter provisions must yield to conflicting laws of general concern wherein the State has a sovereign interest. In the case of Blackledge v. Jones, 170 Okl. 563, 41 P.2d 649 (1935), it was held that the provisions of a municipal charter, which do not conflict with and are not repugnant to the general laws of the State, supersede conflicting State laws relating to purely municipal affairs. From a reading of the cases decided under the provisions of Article XVIII, Section 3(a), and under the provisions of 11 O.S. 564 [11-564] (1971), it appears to be a well settled principle of law in Oklahoma that municipal charter provisions are controlling over general State laws involving matters of purely municipal concern, but in instances where there is a conflict between the general State law and municipal charter provisions involving matters of general statewide concern, or matters which the State has a sovereign interest, the general State law prevails and is controlling. To answer your question, we must make a determination as to whether conflicts in city charter provisions and the provisions of 11 O.S. 548.1 [11-548.1] through 70 O.S. 548.14 [70-548.14] (1971) are matters of purely municipal concern, or whether these conflicts deal with matters in which the State has a sovereign interest or in which there is a general statewide concern. To make this determination, it is only necessary to refer to the provisions of 11 O.S. 548.2 [11-548.2] (1971) which reads in part as follows: ". . . It is declared to be the public policy of this State to accord to the permanent members of any paid fire department or police department in any city, town or municipality all of the rights of labor, other than the right to strike or to engage in any work stoppage or slow down. ." ". . . It is declared to be the public policy of the State of Oklahoma that no person shall be discharged from or denied employment as a member of any paid fire department or police department in any city, town, or municipality of this State by reason of membership or non-membership in, or the payment or nonpayment of any dues, fees, or other charges to, an organization of such members for collective bargaining purposes as herein contemplated." From an overall reading of the provisions of 11 O.S. 548.1 [11-548.1] through 548.14, it clearly appears that the Legislature has undertaken to express the public policy of this State in regard to a general statewide concern, or in regard to a matter in which the State has a sovereign interest. Therefore, it cannot be said that matters involving collective bargaining between municipalities and firefighters or policemen are matters of purely municipal concern. The case of American Home Fire Assurance Company of New York v. Midwest Enterprise Company, 10th Cir. 1951, 189 F.2d 528, 533, supports the statement contained in the paragraph above. On page 533 of that opinion the Court stated: "Like the prevention and control of certain diseases, prevention of fire may be ineffective without a unified effort extending its reach into cities and towns whether home rule or otherwise, and into urban and suburban areas. Along with the suppression of crime and the promotion of health, the protection of life and property against the devastations of fire is a primary function of the State. Protection against the hazards of fire is not a matter of local concern. It is one in which the State has vital interest." (Emphasis added) It is the opinion of the Attorney General that your question be answered in the affirmative. The Firefighters' and Policemen's Arbitration Law, 11 O.S. 548.1 [11-548.1] through 548.14 take precedence over any city charter which in any manner is in conflict with the provisions of said Firefighters' and Policemen's Arbitration Law. (Odie A. Nance)