Dear District Attorney McCoy,
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following question:
Where a board of county commissioners has established a countyeconomic development program pursuant to 19 O.S. 1101 (1981)et seq., does a county excise board have the authority toincrease the amount budgeted by the county commissioners for thatprogram, in a county which is subject to the County Budget Act,19 O.S. 1401 (1981) et seq.?
 INTRODUCTION
¶ 1 Your question requires an exploration of the nature and scope of certain duties authorized by the Oklahoma Constitution for county excise boards. Your question also requires a review of the scope of the County Budget Act, 19 O.S. 1401 (1981) et seq. vis a vis county excise boards and also the excise boards' enumerated powers under the Economic Development Programs Act,19 O.S. 1101 (1981) et seq.
¶ 2 The Constitutional provision which is a focal point of your inquiry is Article X, Section 9 of the Oklahoma Constitution which reads, in part, as follows:
 Except as herein otherwise provided, the total taxes for all purposes on an ad valorem basis shall not exceed, in any taxable year, fifteen (15) mills on the dollar, no less than five (6) mills of which is hereby apportioned for school district purposes, the remainder to be apportioned between county, city, town and school district, by the County Excise Board, until such time as a regular apportionment thereof is otherwise provided for by the Legislature.
¶ 3 A plain reading of the constitutional provision indicates that once the county school districts receive the mandatory five mills, then any remaining funds may inure to the benefit of and be apportioned among county, city, town and school districts.See, State ex rel. City of Mangum v. Greer et al., 111 P.2d 178
(Okla. 1941).
 COUNTY EXCISE BOARDS
¶ 4 County excise boards are created by statute, 68 O.S. 2457
(1981) (repealed as of January 1, 1992 — see, 68 O.S. 3005
and 68 O.S. 3005.1 (1990)), and are by statute, agencies of the State and a part of the system of checks and balances. 68 O.S.2486 (1981). 68 O.S. 2486 further provides that the excise board:
 is empowered to require adequate and accurate reporting of finances and expenditures for all budget and supplemental purposes, charged with the duty of requiring adequate provision for performance of mandatory constitutional and statutory governmental functions within the means available, but it shall have no authority thereafter to deny any appropriation for a lawful purpose if within the income and revenue provided. (Emphasis added).
¶ 5 In addition, county excise boards may review estimates of need and compute the amount of the levy of ad valorem taxes to fund local government, and make reductions in budgets under certain specified conditions. Title 68 O.S. 2487(5) (1981) (recodified as of January 1, 1992 — see, 68 O.S. 3007(5) (1990)) provides:
 If the total of the several items of estimated needs for lawful purposes as heretofore ascertained is within the income and revenue lawfully available, the excise board shall approve the same by items and compute the levy required. If said total exceeds the means provided to finance the same, the excise board will proceed to review the same by reducing items, in whole or in part, in the following order: a) first apply such revision by reduction of items for governmental functions merely authorized but not required; b) if further reduction be necessary, second, by reduction of items required by the Legislature but not within Constitutional requirement; c) if still further reduction be necessary and no other items remain, third, by reduction of items for Constitutional governmental functions until the total thereof be within the income and revenue provided.
¶ 6 Thus, while the county excise board has the power and authority to review and correct estimates certified to them, this authority is tempered first by the requirement of 68 O.S.2487(2) (see, 68 O.S. 3007(2) (1990)) that the board specifically find the particular budget item is unlawful or in excess of needs, or second, that the entire budget under examination exceeds the means available to finance the budget. Moreover, 68 O.S. 2487(5) (see, 68 O.S. 3007(5) (1990)) provides that where funds are available for the estimated needs ascertained by the excise board to be proper, "the excise board shall approve the same[.]"[1]
 COUNTY ECONOMIC DEVELOPMENT PROGRAMS ACT
¶ 7 Title 19 O.S. 1101 (1981) et seq., which is the County Economic Development Programs Act, was enacted by the Legislature in 1968. This act provides for the establishment and funding of county-wide economic development programs. The mechanism for creating economic development programs in the counties is by a vote of the board of county commissioners. Once the board of county commissioners has decided on the creation of an economic development program in its county, the act provides a funding mechanism for the program:
 The board of county commissioners of any county may, by resolution, provide for the establishment of a county-wide economic development program and may provide for the financing thereof from the county general fund. After the passage of said resolution by the board of county commissioners, the county excise board shall annually appropriate an amount up to and not to exceed one-half mill on the dollar of the proceeds of the ad valorem tax levy in such county for the establishment and operation of a county-wide economic development program.
19 O.S. 1101 (1981).
¶ 8 The Legislature's use of the word "may" rather than "shall" in this act indicates that the determination of whether to createand fund an economic development program lies within the discretion of the board of county commissioners. State ex rel.Cartwright v. Oklahoma Natural Gas, 640 P.2d 1341, 1345 (Okla. 1982). The logical extension of this principle is that the excise board's appropriating powers are subordinate to and reliant upon the board of county commissioners' initiating budgeting powers. Also, there is no indication given in the statute that it is mandatory for the board of county commissioners to provide funding for an economic development program once it is established. A county economic development program is not a mandatory constitutional or statutory governmental function. This being the case, the excise board cannot, pursuant to 68 O.S.2487(3) (1981), upon its own volition, increase the estimate of financial needs as requested by the board of county commissioners.
¶ 9 Therefore, in response to your question, if the board of county commissioners has, by resolution, provided for the establishment of an economic development program in the county it is within its discretion to provide funding; any subsequent increase of the board of county commissioners' budget for this program by the excise board would be invalid as beyond the powers granted to the excise board. See, City of Ardmore v. ExciseBoard of Carter County, 8 P.2d 2 (Okla. 1932).
 COUNTY BUDGET ACT
¶ 10 In 1981 the Legislature enacted the County Budget Act, 19O.S. 1401 (1981) et seq., setting out various budget procedures for counties with populations of 200,000 or more. The Act was amended in 1986 to provide that any county, by resolution of the governing body, could elect to be subject to the Act. The Act provides for the creation of a county budget board, which shall consist of each elected county officer, and enumerates the board's duties. Pursuant to the Act, the county budget board submits an annual budget to the county excise board and thereafter the county excise board "shall examine the county budgets." Upon review of the budget, the county excise board is authorized in 19 O.S. 1414 (1981) to:
1) Strike from the budget any unlawful amounts;
 2) Reduce, to the extent authorized by law, any amount which exceeds the lawful amount;
 3) Return any budget submitted by the county budget board to the budget board for revision in order to include items mandated by law but not included in the initial budget proposal.
 4) Return the budget to the budget board for revision if budgeted revenues exceed the amount available for appropriation;
 5) Return the budget to the budget board for amendment or computation pursuant to Title 68 O.S. 2497;
6) Approve the budget.
¶ 11 It is apparent from a plain reading of this statute that county excise boards have been granted various oversight duties and responsibilities with respect to county budgets which are governed by the County Budget Act. These provisions are very similar to those oversight duties and responsibilities as set out in 68 O.S. 2487 (1981) (recodified as of January 2, 1992 —see, 68 O.S. 3007 (1990) (1-5)) for counties not subject to the County Budget Act.
¶ 12 Since your question involves a county which is subject to the County Budget Act, we note that 19 O.S. 1414(6) (1981), provides:
 If the budget is within the income and revenues lawfully available, the excise board shall approve the budget and compute the levy required.
¶ 13 As previously discussed, economic development programs are not mandatory and would not be included within the purview of 19O.S. 1414(3) above. Therefore, the excise board in a county which has, by resolution of the board of county commissioners, elected to be subject to the County Budget Act, is not authorized to change the estimate of financial needs as requested for economic development programs unless one or more of the requirements of 19 O.S. 1414 (1981), supra, is operative.
¶ 14 It is, therefore, the official opinion of the AttorneyGeneral that where a board of county commissioners hasestablished a county economic development program pursuant to19 O.S. 1101 (1981) et seq., the county excise board has noauthority pursuant to either the County Budget Act (19 O.S.1401 (1981) et seq.) or 68 O.S. 2486 or 68 O.S. 2487(1981), to increase the amount budgeted by the countycommissioners for that program.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
ALICE S. MITCHELL ASSISTANT ATTORNEY GENERAL
[1] See, Abel v. Madden, 738 P.2d 1341 (Okla. 1987), in which the Oklahoma Supreme Court held that § 2487(5) is applicable only after the excise board has approved the budget requests, andonly if that year's fiscal budget exceeds the county's lawful available income.