Dear Auditor and Inspector Clifton H. Scott,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask the following question:
May an employee of an ad valorem supported institution serveas a member of the county excise board of the county from whichthe institution receives ad valorem funds?
¶ 1 The concern raised by your question is the appearance of a conflict of interest when a county excise board member is employed by an institution supported with ad valorem tax funds. In addition to supporting city and county governments, ad valorem taxes support elementary, secondary and vocational-technical schools, county health departments, ambulance services, municipally owned hospitals, and libraries. See Okla. Const. art. X, §§ 9, 10(B). Your question requires an examination of the statutory duties of the excise board and any conflict of interest statutes applicable to board members.
 I. Duties of Excise Board
¶ 2 Each county has a county excise board composed of the members of the county board of equalization.[1] See 68O.S. Supp. 2000, § 3005.1[68-3005.1](A). The Oklahoma Constitution requires that five mills of the ad valorem tax be apportioned to school districts, with the remainder of the millage "to be apportioned between county, city, town and school district, by the County Excise Board." Okla. Const. art. X, § 9(a). The board is required to apportion the millage on or before July 25th of each year.See 68 O.S. 1991, § 3015[68-3015]. The excise board acts "in the capacity of a legislature" in apportioning taxes. Clay v. Indep.Sch. Dist. No. 1, 935 P.2d 294, 303 (Okla. 1997) (quotingCity of Ardmore v. Excise Bd., 197 P.2d 961, 964 (Okla. 1948)).
¶ 3 In addition to apportioning the millage, the excise board annually examines the financial statements of the prior year and the estimated needs of the current year submitted by the governing bodies of the county and each city, town and school district within the county. See 68 O.S. 1991, § 3002[68-3002]. As to the budget submitted by each political subdivision, the board:
 1. Examines the financial statements to ascertain the true fiscal condition of the fund accounts as of the close of the previous fiscal year;
 2. Examines the items and amounts stated in the estimate of needs, and if any are not authorized by law or in excess of needs, the board must strike such items;
 3. Examines the estimate of needs, and if the governing board has failed to make provision for mandatory governmental functions, the board prepares its own estimate, publishes it in the newspaper and submits it to the governing board of the political subdivision for further consideration;
4. Computes the total means available to each fund;
 5. If the total of the several items of estimated needs for lawful purposes is within the income and revenue lawfully available, the excise board approves the estimate and computes the levy required;
 If the total estimate exceeds the means provided to finance the same, the excise board revises the estimate by reducing items, in whole or in part.
See 68 O.S. 1991, § 3007[68-3007].
¶ 4 The board is "empowered to require such further detail as to any item of any estimate as it deems necessary and proper" when determining the validity or invalidity of items of appropriation. 68 O.S. 1991, § 3008[68-3008]. The term "appropriation" means "estimate made and approved." Id. § 3001. Certain provisions of the budgetary process apply only to counties, cities and towns and not to school districts. See id. § 3011(1) (specifying how appropriations must be categorized). The board is to fix the levies and make the appropriations for each municipality ("a taxing jurisdiction authorized by law to levy ad valorem taxes") and to certify the levies to the county assessor.Id. § 3014(B), (C), (D).
¶ 5 "The Board functions as a watchdog agency which is empowered to require adequate and accurate reporting of finances and expenditures for all budgets and supplemental purposes and to review all appropriations and requests to determine if they are legal and adequately funded." Summey v. Tisdale,658 P.2d 464, 467 (Okla. 1982) (holding that a county excise board is empowered to delete items from an estimate of needs submitted by a county if the board determines that the items are in excess of needs). If the items budgeted by a county are excessive, the excise board has the authority to reduce the proposed budget.See Abel v. Madden, 738 P.2d 1340, 1343-44 (Okla. 1987) (construing 68 O.S. 1981 § 2487[68-2487](2) [currently 68 O.S. 1991, §3007[68-3007]] and 19 O.S. 1981 § 180.65[19-180.65](F), (G)).[2]
¶ 6 The Legislature has provided alternate methods to the provisions found at 68 O.S. 1991 Supp. 2000, §§ 3001-3033 for adopting a budget by counties, cities, towns and school districts. Counties may opt to use the County Budget Act, 19O.S. 1991 Supp. 2000, §§ 1404-1421. Under both schemes, the county excise board has final approval of the county budgets.See 68 O.S. 1991, § 3002[68-3002]; 19 O.S. 1991, § 1414[19-1414](A)(6), (C).
¶ 7 School districts have the option of using the School District Budget Act, 70 O.S. Supp. 2000, §§ 5-150[70-5-150] to 5-161, in lieu of the procedures outlined in Title 68. Under this procedure, the budget adopted by the school board, as filed with the State Auditor and Inspector, constitutes an appropriation for each fund. See id. § 5-155. The county excise board does not approve the school district budget under this procedure, but is required to levy the taxes necessary for the school district general fund, building fund, and sinking fund. Id. at § 5-155(F). The Municipal Budget Act has similar alternative provisions for the adoption of budgets by cities and towns. See11 O.S. 1991 Supp. 2000, §§ 17-201-17-216.
¶ 8 Under the Title 68 procedures, the excise board must approve any supplemental appropriations for counties, cities, towns and school districts (see 68 O.S. 1991, § 3021[68-3021]), while under the alternative budget adoption procedures, the governing body of the political subdivision approves the supplemental appropriations.[3] Under both the Title 68 procedures and the individual budget adoption procedures, public hearings are conducted on the budgets and taxpayers may file protests to the budgets.[4]
 II. Conflicts of Interest
¶ 9 The Legislature addressed conflicts of interest of county excise board members by prohibiting the members from selling personal property to the county or any city or town of the county and by providing:
 It shall also be unlawful for any member of the county excise board to serve as employee, official, or attorney for any county or city, or town of the county, or for any such member to represent any taxpayer before such board in any manner, or to use his or her position as a board member to further his or her own interests. It shall also be unlawful for any taxpayer or interested party to employ any member of the county excise board in any matter coming before the board.
68 O.S. Supp. 2000, § 3005.1[68-3005.1](B).[5]
¶ 10 There are criminal penalties for violating this section.See 68 O.S. Supp. 2000, § 3005.1[68-3005.1](D). Therefore, the statute must be strictly construed against the State and cannot be enlarged by implication or extended by inference. See Evans v.Trimble, 746 P.2d 680, 683 (Okla.Crim. 1987). If legislative intent is clear from the plain language of the statute, it is unnecessary to apply the rules of statutory construction. SeeCooper v. State ex rel. Dep't of Pub. Safety, 917 P.2d 466,468 (Okla. 1996) (citing Wiley Elec., Inc. v. Brantley,760 P.2d 182, 186 (Okla. 1988)). "It is presumed that the Legislature has expressed its intent in a statute and that it intended what is so expressed." Fuller v. Odom, 741 P.2d 449,453 (Okla. 1987) (footnote omitted).
¶ 11 The legislative intent of Section 3005.1(B) is to prevent board members from having conflicts of interest. The provision keeps city or county employees from being in a position to make decisions regarding the budgets from which they derive their personal income. Section 3005.1(B) references employees of city, town, and county, but makes no reference to school employees. School employees are employees of the school district, rather than the city or county. See State ex rel. Riley v. City ofLawton, 224 P. 347 (Okla. 1924) (holding that school districts are separate corporate entities that exist separate and apart from the cities within which they exist). Therefore, the first clause of section 3005.1(B) does not apply to employees of a school district.
¶ 12 The legislative difference in treatment between school district employees and employees of cities and counties may have been based on the fact that the excise board has historically had less discretion in regard to school district budgets as compared to county budgets. The conflict of interest provision in Section 3005.1 for county excise board members first appeared in the statutes in 1941. See 1941 Okla. Sess. Laws § 38 (codified at 68 O.S. 1941, § 38[68-38]). The current provision is substantially the same as the 1941 law, which prohibited county, city and town employees from serving on the county board of equalization or the county excise board, which then, as now, were composed of the same individuals. See 68 O.S. 1941, § 15.38[68-15.38]. The excise board had no authority to change the school district's estimate of needs if funding was adequate to meet the need. See Bd. of Educ.v. Excise Bd., 53 P.2d 565, 568 (Okla. 1935) (citations omitted) (holding that the excise board may not reduce the school district's estimate if the rate of levy authorized by voters of the school district together with the amount regularly allocated to it by the excise board is sufficient to produce the amount of the estimate made). The court noted that a special statute relating to school districts limited the general powers which might have otherwise been granted to the excise board so far as school districts were concerned. See id.; see also Excise Bd. v.Sch. Dist. No. 34, 10 P.2d 643 (Okla. 1932) (holding that the county excise board is without authority to reduce the school district's estimate for teachers' salaries).
¶ 13 The 1941 statute addressing conflicts of interest of excise board members also provided that no person may be appointed to the board of equalization who is or has been at any time during the two years preceding his appointment an employee of the State, county, school district or municipal subdivision.[6] See 68 O.S. 1941, § 15.38[68-15.38]. Then, as now, board of equalization members also served as excise board members. "Employee" was changed to "officer" by 1945 Okla. Sess. Laws ch. 1b. Current law prohibits a county board of equalization member from holding "an elected office of the state, county, school district or municipal subdivision." 68 O.S. Supp. 2000, §2861[68-2861](D)(2). Thus, while school district employees were formerly prohibited from serving on the county board of equalization and, by implication, on the excise board, current law does not prohibit such service.
¶ 14 Section 3005.1 also prevents board members from using their position to further their "own interests." Id. Generally, the type of "interest" that disqualifies public officers from certain transactions is a financial or pecuniary interest. See
A.G. Opin. 88-88, 209. Whether such an interest exists in any given case is a question of fact. Another provision of law related to your question is Okla. Const. art. X, § 11, which specifies that:
 The receiving, directly or indirectly, by any officer of the State, or of any county, city, or town, or member or officer of the Legislature, of any interest, profit, or perquisites, arising from the use or loan of public funds in his hands, or moneys to be raised through his agency for State, city, town, district, or county purposes shall be deemed a felony.
Id. This provision prohibits public officers from receiving a direct or indirect profit from the use of public funds. See Westv. Bd. of Comm'rs, 158 P. 354, 355 (Okla. 1916) (observing that the intent of Article X, § 11 and Rev. Laws 1910, § 2581 was to prevent public officials from speculating with public funds and receiving any moneys for the management and handling thereof, except for the salary provided by law). Like Section 3005.1, Article X, Section 11 is penal in nature and therefore must be strictly construed against the State. It would not prevent a school district employee from serving on the county excise board, since the salary received by the employee is set by the school board, rather than the excise board.[7] See 70 O.S.Supp. 2000, § 5-117[70-5-117](A)(14).
¶ 15 There is no prohibition, as a matter of law, for an employee of an institution supported with ad valorem tax funds, other than an employee of a city, county, or town, to serve on the county excise board. To the extent that Attorney General Opinions 80-100 and 84-102 conflict with this Opinion, they are hereby withdrawn.
¶ 16 It is, therefore, the official Opinion of the AttorneyGeneral that:
 An employee of a county or of a city or a town within thecounty may not serve on the excise board for that county. See68 O.S. Supp. 2000, § 3005.1(B). There is no statutoryprohibition against employees of other entities supported by advalorem taxes, such as employees of a school district, fromserving on the county excise board. However, all board membersare prohibited from using their positions to further their owninterests. See id.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
KATHRYN BASS ASSISTANT ATTORNEY GENERAL
[1] The county board of equalization consists of three appointed members. See 68 O.S. Supp. 2000, § 2861[68-2861](A). The county equalization board adjusts property values for ad valorem tax purposes and hears taxpayer protests on property valuation issues. See id. § 2863(B)(1), (4).
[2] County excise boards review requests for salaries and staffing of county officers. See 19 O.S. Supp. 2000, §§180.65[19-180.65](F), (G); 180.81 (F), (G). The appointment of deputies by county officers is subject to the approval of the county excise board. See 19 O.S. Supp. 2000, § 162[19-162].
[3] See 11 O.S. 1991, § 17-216[11-17-216](A); 19 O.S. 1991, § 1420[19-1420]; 70 O.S. Supp. 2000, § 5-161[70-5-161]
(A).
[4] See 11 O.S. 1991, §§ 17-208[11-17-208], 17-210; 19 O.S. 1991, §§1412[19-1412], 1415; 68 O.S. 1991, §§ 3012[68-3012], 3023; 70 O.S. Supp 2000,§§ 5-155[70-5-155], 5-156.
[5] This provision is identical to the conflict of interest provision for board of equalization members. See 68 O.S. Supp.2000, § 2861[68-2861](G).
[6] This prohibition overlaps to some degree with the provision in the same section which prohibits county, city, and town employees from serving on either the county excise board or county board of equalization. The Legislature apparently perceived a conflict at that time between the duties of board of equalization members and the duties of State, county, school district and municipal employees.
[7] It should also be noted that Ethics Commission rules applicable to State officers and employees prohibit accepting employment that would impair independence of judgment in the performance of public duties. See 74 O.S. Supp. 2000, ch. 62app. at § 257:20-1-4(c)(2). There is authority for the proposition that county excise board members are State officers.See 68 O.S. 1991, § 3006[68-3006] ("In its functionings it [the county excise board] is hereby declared an agency of the state, as a part of the system of checks and balances required by the Constitution"). But see 68 O.S. Supp. 2000, § 3005.1[68-3005.1](C) (county excise board members are reimbursed for travel at the rate provided "for other county officers"). Individuals may request an official interpretation of the Ethics Commission rules from the Ethics Commission. See Okla. Const. art. XXIX, § 5.