OKLAHOMA TOURISM AND RECREATION DEPARTMENT — PURCHASE OF LAND Under 74 O.S. 356.2 [74-356.2] (1971) the Oklahoma Tourism and Recreation Department may use appropriated funds for the purpose of buying additional lands for Talimena State Park. The statutes further provide that lands legally obtained in other areas of the State may be exchanged for lands of the National Forest Service which are adjoining to Talimena State Park. The Attorney General's office has considered your opinion request where you ask, in effect, the following questions: 1. Given existing legislation and Senate Concurrent Resolution No. 34 can the Division of State Parks expend any funds appropriated to Talimena State Park for the purpose of buying additional lands for Talimena State Park? 2. Whether lands legally obtained in other areas of the State, the purchase of which has been enabled by other legislation, could be exchanged for lands of the National Forest Service which are adjacent to Talimena State Park? Title 74 O.S. 351 [74-351](b) (1971) et seq., provides the power and authority of the Oklahoma Planning and Resources Board. Section 74 O.S. 351 [74-351](h) provides in part: ". . . Said Board shall have the power to acquire lands or sites for state parks, recreational grounds or State Monuments by purchase or by donation or otherwise . . ." Additional powers were conferred on the Board pursuant to 74 O.S. 356.1 [74-356.1] (1971), providing in part: "There are hereby granted to and imposed in the Oklahoma Planning and Resources Board and in any board or body which may hereafter succeed to the rights and duties of such board . . . the additional powers and rights and duties hereinafter more specifically provided." (Emphasis added) Title 74 O.S. 356.2 [74-356.2] (1971) further provides in pertinent part: "To acquire by purchase, lease, gift, condemnation or in any other manner and to maintain, use and operate any and all property, real, personal, or mixed. . ." The enactment of the Oklahoma Resources Development Act of 1965, 74 O.S. 1101 [74-1101] (1971) et seq., created the Oklahoma Industrial Development and Park Commission and Department as successor to the powers and duties of the Oklahoma Planning and Resources Board. Section 1105 specifically provides in part: " All duties, functions, authority and contractual obligations are hereby transferred to and vested in the Oklahoma Industrial Development and Park Commission. . ." In 1972 with the passage of the Oklahoma Tourism and Recreation Act, 74 O.S. 1801 [74-1801] (1973) et seq., all duties and authority were transferred to the Oklahoma Tourism and Recreation Commission. Thus, it is apparent that the Tourism and Recreation Commission is, by statute, legally empowered to acquire lands for State parks by purchase, lease, gift, condemnation or any other manner. The question has arisen concerning the effect of the Senate Concurrent Resolution No. 34 promulgated by the Thirty-third Legislature during their First Session. The Resolution states that it would be in the public's interest to expand Talimena State Park by acquiring adjacent lands presently owned by the United States Forestry Service. Section 2 of the Resolution provides: "The Oklahoma Industrial Development and Park Commission is authorized and directed to negotiate with the United States Forestry Service for Zease, exchange, trade or any other method or methods, without cost to the State of Oklahoma, in acquiring the amount of additional land needed." (Emphasis added) The appropriations granted to the Oklahoma Tourism and Recreation Department for 1973 are found in O.S.L. 1973, Ch. 22. This appropriation grants certain funds to the General Revenue Fund and further appropriates certain monies to specific parks. O.S.L. 1973, Ch. 22, 5 provides in part: "There is hereby appropriated to the Oklahoma Tourism and Recreation Department . . . the following amount or so much thereof as may be necessary for capital outlay, equipment and or maintenance for the following purposes: "Talimena State Park $15,000" (Emphasis added) The term " capital outlay " was defined in Osage County Ex. Bd. v. Missouri-Kansas-Texas R. Co., Okl., 340 P.2d 217 (1959) as: "Money expended in acquiring, equipping, and promoting an enterprise." Further the Court went on to state that "Capital outlay is not normally considered as current expense . . ." It is apparent from the language of the appropriation bill that funds granted to the specific parks can be expended for the purchase of land as a capital outlay. Your opinion request further asks whether the lands needed can be acquired by trading legally acquired property situated in other parts of the State. The statutes provide that the Tourism and Recreation Department is authorized to "acquire by purchase, lease, gift, condemnation or any other method." (Emphasis added) Senate Concurrent Resolution No. 34 helps clarify and aid in determining the legislative intent, in that, trade is authorized as another method of acquiring land. It is, therefore, the opinion of the Attorney General that both questions should be answered in the affirmative, in that under 74 O.S. 356.2 [74-356.2] (1971) the Oklahoma Tourism and Recreation Department may use appropriated funds for the purpose of buying additional lands for Talimena State Park. The statutes further provide that lands legally obtained in other areas of the State may be exchanged for lands of the National Forest Service which are adjoining to Talimena State Park. (Donald B. Nevard)